SMITH *vs.* LIPPINCOTT and others.

Although a complaint sets out an express agreement, it will be sustained by evidence of an implied one.

An implied agreement to pay for materials, &c. when not inconsistent with an existing written agreement between the parties, is admissible in evidence, and will sustain an action to recover the value of such materials.

APPEAL from a judgment entered on the report of referees. The action was brought against the defendants, composing the firm of J. B. Lippincott & Co. to recover moneys by the plaintiff paid, laid out, and expended for work, labor and materials necessary to the preparation of a work entitled "Smith's New Geography" for publication, and for divers maps, plates and drawings procured by the plaintiff in the preparation of said work, and delivered to and used by the defendants.

On the 27th of October, 1858, the plaintiff and defendants executed a contract, under seal, in and by which the plaintiff covenanted that he had a work entitled "Smith's New Geography," and the copyright; that the defendants should have the sole and exclusive right to publish and vend the same, and every edition; that he would renew the copyrights, as permitted by law, and revise and amend the same, from time to time, as should be required by the defendants. The defendants, on their part, covenanted to *publish* said work at their own proper expense and cost, to use all proper exertion to sell and dispose of the same, to pay the plaintiff ten per cent of the net wholesale price for each copy published, and to furnish an account of sales every six months.

The referees found, as matters of fact, that the plaintiff, at the time of making the agreement in writing with the defendants, of October 27, 1858, had expended divers sums of money for materials and for drawing and engraving, and other labor connected with the publication of his work, entitled "Smith's New Geography," and that a further expenditure was then necessary for the purpose of entirely preparing said work for publication; that upon the execution of the

said agreement, the defendants, in consideration that the plaintiff would enter into the same, and would deliver to them the materials, plates, drawings, maps and other results of the work and labor so procured by the plaintiff, promised the plaintiff to pay and reimburse him for all the moneys and expenses which at the time of the execution of the said agreement the plaintiff had laid out and incurred, and which he might thereafter necessarily expend or incur in and about the preparation of the said work for publication; that the defendants have, since the execution of the said agreement, published the said work, and the plaintiff has delivered to them all the said work, and all the said maps, plates, drawings and other results of the labor so procured by him in the preparation of said work for publication, and the defendants have used the same in the publication thereof. That the plaintiff has laid out and expended for work and labor and materials necessary to the preparation of said work for publication, divers sums of money, amounting in the whole, on the 15th of November, 1860, to the sum of $6271.87, when an account thereof was duly rendered by the plaintiff to the defendants; that the plaintiff is now, and during all the times in the pleadings mentioned was, a resident of the state of Connecticut, and during the same time the defendants were and now are residents of the Commonwealth of Pennsylvania; that by the laws of both of said states, the rate of interest collectable on due and unpaid demands is six per centum per annum.

Upon the foregoing facts, they found, as conclusions of law, that the plaintiff was entitled to recover from the defendants the foregoing sum of $6271.87 with interest thereon, at the rate of six per cent per annum, from the 15th day of November, 1860, to the date of the report, the said principal and interest amounting in the whole to $8028.36, and for which amount they directed judgment in favor of the plaintiff against the defendants, with the costs of the action.

From the judgment entered on the report, the defendants appealed.

*Randolph, Alexander & Green,* for the appellants.

*Waldo Hutchins* and *Wm. F. Allen,* for the respondent.

*By the Court,* JAMES C. SMITH, J. After a careful examination of the testimony in this case, I fail to find any evidence of the express oral agreement alleged in the complaint and found by the referees, to wit, that upon the execution of the agreement in writing mentioned in the pleadings, the defendants, in consideration that the plaintiff would enter into the same, and would deliver to them the materials, plates, drawings, maps and other results of the labor theretofore performed by the plaintiff in connection with the publication of his work entitled " Smith's New Geography," promised the plaintiff to pay and reimburse him for all the moneys and expenses, which at the time of the execution of the said agreement the plaintiff had laid out and incurred, and which he might thereafter necessarily expend or incur in and about the preparation of the said work for publication. There is no evidence of any express oral agreement whatever, made at the time of the execution of the written contract, and none of an express oral agreement made at any time, in consideration that the plaintiff would enter into the written contract and furnish to the defendants the plates and other materials which he had theretofore procured. If, therefore, the plaintiff's right to recover depended upon an express agreement of the import above stated, the judgment appealed from could not be upheld.

But there is ample testimony in the case from which an agreement by the defendants to pay the plaintiff for the plates and other materials referred to may be implied, unless such implication is precluded by the terms of the written contract—a point that will be considered presently. It is proved

Smith *v.* Lippincott.

without contradiction, that the plaintiff furnished the defendants with plates and other materials, at their request, and that the defendants used them in the publication of the work which by the terms of the written agreement they undertook to publish "at their own proper expense and cost." It is also proved that after such materials were furnished, the plaintiff rendered an account of them to the defendants, at the prices paid or incurred therefor by the plaintiff, and the testimony warrants the conclusion that the defendants repeatedly admitted their liability to pay the plaintiff the actual cost of the materials. They objected, however, that the amount of such cost was overcharged in the account rendered, but the proof shows that there was no ground for the objection.

I am of opinion that the written agreement, properly construed, does not cover the subject matter of the implied contract, to wit, the plates and other materials theretofore procured by the plaintiff in preparation for the publication of the work. It is, in brief, an agreement by the plaintiff that he has a work entitled "Smith's New Geography," for which he is entitled to a copyright, that the defendants shall have the sole right to publish and vend it, and that he will take out copyrights for it as often as the law will permit, and will revise and amend it from time to time. The defendants, on their part, promise to publish the work at their own proper cost and expense, and to pay to the plaintiff ten *per cent* of the net wholesale price for each copy published. There is nothing on the face of the agreement to show that the parties intended that the plaintiff should furnish to the defendants the materials he had procured in preparation for the publication of the work. The agreement contains no such stipulation, in terms, and it does not refer to such materials in any way. There is no proof in the case that as matter of usage among publishers and authors it was incumbent on the plaintiff, in the absence of an express agreement upon the point, to furnish to the defendants the plates and

other materials of the character referred to, needed in or adapted to, the publication of the work.   If we look outside of the written agreement to learn the intention of the parties on that subject, we find that the evidence of such intention consists mainly of the dealings of the parties respecting such materials subsequently to the making of the agreement, and that it preponderates strongly, as has already been said, in favor of the position that the defendants recognized their liability to pay the plaintiff for the materials furnished by him at their request.   In fine, under the written agreement, the plaintiff was not bound to furnish the defendants the materials he had procured, and the latter were not required to accept them.   If, however, they accepted them and used them in the publication of the work, there is nothing in the written agreement to repel the presumption that they undertook to pay for them.

It being clear, then, from the testimony before us, and the law applicable to it, that the plaintiff is entitled to recover upon an implied agreement, to the full amount reported by the referees, the judgment should not be reversed, although the report is based upon an express agreement not proved. The relief granted is not inconsistent with the case made by the complaint, and is embraced within the issue litigated on the trial.   (*Code*, § 275.   2 *Kern.* 336.   16 *N. Y. Rep.* 263.)

The judgment should be affirmed.

[NEW YORK GENERAL TERM, April 3, 1867.   *Leonard, Ingraham* and *J. C. Smith*, Justices.]