THE DALTON AND MORGANTON RAILROAD COMPANY *et al.*, plaintiffs in error, *vs.* HENRY T. McDANIEL *et al.*, defendants in error.

| 56 | 191 |
| 104 | 803 |
| 56 | 191 |
| 112 | 718 |
| 56 | 191 |
| 111 | 195 |
| 56 | 191 |
| 122 | 558 |

1. Equity will compel the payment of a sufficient per cent. of unpaid stock subscribed, to pay the debts of a corporation; and a bill brought against the stockholders to that end is the proper remedy.

2. The fact that the stockholders agree in their contract to pay such per cent. as the directors shall call for, does not change the remedy and require the creditors to apply for a *mandamus* against the directors to do their duty under the contract; the remedy in equity is more complete, and is the only appropriate and adequate remedy, where the bill alleges that the directors refuse to call in and collect the stock subscribed, and also that many stockholders are insolvent, and some dead, and some beyond the jurisdiction, and that the debts are of various amounts and due to many creditors; the powers of a court of equity to adjust all the equities, audit the debts, and fix the per cent. upon the solvent stock necessary to pay the debts, are peculiarly adapted to the exigencies of just such a case.

3. Process which commands the attendance of the defendants at court on a certain day, under penalty of the law, is valid; service of the bill by private persons with affidavits annexed, verifying such service, is legal; and if such process and service were irregular, such irregularity would be cured by appearance, demurrer and answer.

4. After defendants are fully heard on demurrer to the whole bill, and the demurrer for want of equity has been overruled, and the answers have been filed, and the case has gone to an auditor and his report has been filed and excepted to, and the case is pending on the exceptions, it is too late to move to dismiss the bill.

Equity. Process. Service. Corporations. Stockholders. *Mandamus.* Practice in the Superior Court. Before Judge McCUTCHEN. Whitfield Superior Court. October Term, 1875.

Reported in the opinion.

JOHNSON & MCCAMY; SHUMATE & WILLIAMSON; W. H. BROOKER; WILLIAM PHILLIPS; R. F. LYON, by MCCAY & TRIPPE, for plaintiffs in error.

D. A. WALKER; W. K. MOORE; T. R. JONES, for defendants.

JACKSON, Judge.

This bill was brought by H. T. McDaniel in behalf of himself and many others, who were duly made parties complainants, as creditors of the Dalton and Morganton Railroad Company, to compel Samuel M. Carter and a great many others, amounting to several hundred, stockholders of said

company, to pay in a sufficient amount of the stock subscribed by them, to satisfy certain judgments and debts which said company owed complainants. The bill alleged that the said McDaniel had obtained judgment for $3,404 17, besides interest and costs, on which execution had issued with a return of *nulla bona* thereon; that said corporation had ceased to work for two years and had abandoned all efforts to carry out the objects of its incorporation, and that it had no property except the subscriptions for the capital stock, and which subscriptions the directors refused to call and collect in, because they are unwilling to force the subscribers to pay the debts of the corporation.

They set out the contract in writing by which said stockholders had agreed to pay from $1,000 00 to $100 00 each, in such installments as might be assessed from time to time by the directors, provided they were not called upon for over thirty-five per cent. of the amount subscribed per annum. That all of the sums subscribed are now due, that some of the subscribers are dead, some are unable to pay, and that the burden must fall on those able to pay, and all are made defendants to equalize this burden according to equity. That the directors have called for only twenty-five per cent. of the amount, and all they have collected has been paid out to others, leaving complainants unpaid.

The prayer is, that they may be compelled to pay such a per cent. as shall be necessary to pay the debts of the corporation.

The subpœna required the defendants, under penalty of the law, to appear at the superior court of Whitfield county on the first Monday in April next, to answer the bill, and abide the decree, or in default the court will proceed as to justice shall appertain.

Witness, Hon. C. D. McCuthen, judge of said court, dated 2d of January, 1874, and attested by the clerk.

The service of this bill was acknowledged by many of these defendants; others seem to have answered by counsel; others were served, some by the sheriff, and others by private per-

sons, with affidavits of service duly attached to the bill and subpœna.

At the return term of the bill, to-wit: at the April term, 1874, an agreement was entered of record, that the defendants, pending negotiations for settlement and the adjustment of equities between the counties interested, should have until the October term, 1874, to demur and answer, and that said October term be considered as the appearance term of the bill. This agreement was signed by counsel for the complainants, and for the stockholders of Fannin county, and Gilmer county, and the stockholders generally.

At said October term a demurrer was filed to the said bill by all the stockholders who had been served, or had acknowledged service, upon the grounds: First. That it did not appear that any of the defendants resided in Whitfield nor in what county they did reside; second, that the bill was improperly brought against defendants jointly; third, because the bill is multifarious; fourth, that the charter requires the directors to call in the stock and the contract obligates the defendants only to obey such call, and therefore the court has no right to assess the per cent. that defendants shall pay; fifth, because complainants have a complete remedy at law; sixth, that their private property and persons are not liable for these debts; and seventh, because there is no equity in the bill.

The presiding judge having been a stockholder, but having assigned his stock, it was agreed that he should preside. This demurrer was overruled, the bill being amended so as to show the jurisdiction of the court.

At the April term, 1875, an auditor was appointed, who made his report at the October term of the same year, answers having been filed by many of the defendants—all, it seems, who had been served—before the appointment of said auditor. The report of the auditor was entered on the minutes, and parties allowed time to except thereto.

Amendatory answers were filed at the same term by many of the defendants, and a return of *non est inventus* made

*nunc pro tunc* by the sheriff of Whitfield county as to defendants not served. Defendants moved at the same term to dismiss the bill: First, for want of equity ; second, because there is no legal subpœna ; third, because, there is no legal service. The court overruled the motion to dismiss ; at the same time defendants excepted to the master's report upon substantially the same grounds as the motion to dismiss ; the court overruled these exceptions, and error is assigned here on the refusal to dismiss on the three grounds above set out.

1, 2. We think that there is equity in this bill : Code, sections 3367, 1688, 1946 ; 8 *Georgia Reports*, 486 ; 35 *Ibid.*, 170 ; 4 *Ibid.*, 319 ; 3 *Ibid.*, 449. It is not necessary to apply for a *mandamus* to compel the directors to call in and collect a sufficient amount of the stock to pay these debts. The remedy by bill in equity is easier and more complete. With its power to appoint an auditor or master in chancery to audit the amount of the debts of the corporation in gross and the debt due to each creditor, to ascertain the number of stockholders solvent and insolvent, the per cent. necessary to be paid by each stockholder in proportion to his stock, it is perfectly clear that complete justice can be better administered to every creditor and to each solvent stockholder by a court of equity than by any other form of procedure. It will prevent a multiplicity of suits, save costs, and give speedy and effectual relief. Principle, therefore, and sound reason accord with authority that equity will grant relief in all such cases as this at bar: Ang. on Corp., 602, 603, 611 ; 8 *Georgia Reports*, 492.

3. We think the process sufficient. It requires the defendants to appear at the court at a certain day and under a certain penalty, to answer the bill and abide the decree, and this we think answers every purpose for which process is framed. We think the service upon the defendants or their acknowledgment of service also sufficient. If there be any irregularity it is all cured by appearance and answer : Code, sections 4177, 3335. Indeed, this would cure even the absence of process : Code, section 3335 ; 21 *Georgia Reports*,

384; 25 *Georgia Reports*, 646. Besides, if the service were defective because all the defendants have not been served and brought in, the remedy is by invoking an order of the court to have them served, if necessary parties, and not by motion to dismiss the bill.

4. Indeed, at this late stage of the case, after all these agree-ments of counsel, time allowed to answer or demur, answers filed, reference to auditor and his report in and excepted to, and the demurrer, both to the jurisdiction and for the want of equity, overruled by the court, it would be anything but equity to dismiss this bill. From the very nature of the case, the number of stockholders, their different residences and changes of residence, the death of some, and insolvency of others, it would be very difficult to bring all before the court; and therefore the statute—Code, section 3367—enacts, that in just such cases suit may be instituted and judgments obtained against such as the creditors may elect to proceed against without making all parties. In every view that we are able to take of the case under the law, we see equity with the com-plainants and affirm the judgment of the court below over-ruling the motion to dismiss the bill.

Judgment affirmed.