[No. 1218.]

WILLIAM THOMPSON, Respondent, *v.* RENO SAVINGS BANK et al., L. L. CROCKETT, Appellant.

UNPAID SUBSCRIPTION TO BANK CORPORATION—ESTATE OF DECEASED PERSONS —PRESENTATION OF CLAIM.—In a suit in equity against the representative of a deceased person to recover the amount of the unpaid subscription of deceased to a bank corporation, it is not necessary that the claim should be presented for allowance, as ordinary claims are required by statute to be presented, for the reason that such unpaid subscription is a trust fund for the benefit of the creditors of the bank, and constitutes no part of the estate of a deceased person.

IDEM—PLEADINGS—VARIANCE—IMPLIED AGREEMENT.—The testimony did not show any express agreement upon the part of defendants to pay their unpaid subscription; but did show that the defendants deposited a certain amount with the bank as its business capital, and agreed among themselves not to be liable for any further amount: *Held*, that defendants were liable upon an implied rather than upon an express agreement, and that the variance between the pleadings and the evidence was immaterial, as it could not have misled the defendants.

IDEM—CALL FOR ASSESSMENT NOT NECESSARY—SUIT IN EQUITY.—A formal call is not necessary before maintaining a bill in equity to compel payments to subscription of the capital stock. A bill in equity, where there are many creditors, is the proper remedy.

THOMPSON *v.* RENO SAVINGS BANK, *ante,* 103, AFFIRMED.

APPEAL from the District Court of the Seventh Judicial District, Washoe County.

The facts are sufficiently stated in the opinion.

*Clarke & King*, for Appellant:

I. Plaintiff's failure to make any effort to induce action by the bank corporation to collect the unpaid subscription is fatal to his right of recovery in this action.

II. The liability of each stockholder is several, so that there

is no joint interest in the trustees influencing them not to enforce collection, and no collusive combination for such purpose is pretended. (*Bill* v. *Western Union T. Co.*, 22 Blatchf. 191; *Foote* v. *Cunrod M. Co.*, 5 McCrary, 251; *Tuscaloosa* v. *Cox*, 68 Ala. 71; Morawetz on Corp., sec. 384; *Newby* v. *Oregon C. R. R. Co.*, 1 Saw. 63; *Memphis* v. *Dean*, 8 Wall. 64; *Hawes* v. *Oakland*, 14 Otto, 450; *Huntington* v. *Palmer*, Id. 482; *Dannmeyer* v. *Coleman*, 8 Saw. 51; Pom. Eq. Jur., sec. 1095; Thomp. Liab. Stock., sec. 105; *Franklin* v. *Lewiston*, 68 Me. 43; *Newburg* v. *Miller*, 5 Johns. Ch. 101; *Nave* v. *Nave*, 7 Ind. 122; *Bansemer* v. *Mace*, 18 Ind. 27;[1] *Ex parte Banks*, 28 Ala. 28; *Ex parte Simonton*, 9 Port. (Ala.) 390.)

III. The remedy expressly provided is a summary and peculiar one, in derogation of the common law; it is a new remedy and a mandatory one; *it is the exclusive remedy* and must be *strictly* pursued. (*Rensselaer* v. *Barton*, 16 N. Y. 457; *Small* v. *Herkimer*, 2 N. Y. 330; *Spring* v. *Russell*, 7 Greenl. 273; *Leake* v. *Blasdell*, 6 Nev. 40; *Bouton* v. *Dry Dock Co.*, 4 E. D. Smith, 420; *Louisiana Paper Co.* v. *Waples*, 3 Woods, 34; *Steacy* v. *Little Rock*, 5 Dill. 348; *Banty* v. *Buckles*, 68 Ind. 49; *Katama Land Co.* v. *Jernegan*, 126 Mass. 155; *Peck* v. *Coalfield Coal Co.*, 3 Ill. App. 619; *Kennedy* v. *Sacramento*, 10 Saw. 29; *McKelvey* v. *Crockett*, 18 Nev. 238; *Cal. Sugar Co.* v. *Schafer*, 57 Cal. 396.)

IV. The facts pleaded are not proved. The facts proved are not pleaded. There is a total and fatal variance between the allegations and the proofs. (*Baugher* v. *Eichelberger*, 2 W. Va. 217; *Floyd* v. *Jones*, 19 W. Va. 359; *Elliot* v. *Amazon I. Co.*, 49 Mich. 579; *Bailey* v. *Ryder*, 10 N. Y. 370.)

V. The demurrers should have been sustained as to the estate of Crocker, because the claims were never presented for allowance. (1 Comp. L. 318; *Eustace* v. *Jahns*, 38 Cal. 3, 23; *Pitte* v. *Shipley*, 46 Cal. 154; *Harp* v. *Calahan*, 46 Cal. 222, 231.)

VI. The judgment should be reversed because it gives Thompson a judgment for a greater sum than he asks for. (Ad. Eq. 257–262; *Williamson* v. *Wilson*, 1 Bland Ch. 430; *Heath* v. *Bishop*, 4 Rich. Eq. 46;[2] *Carlton* v. *Felder*, 6 Rich. Eq. 58; *Brenan* v. *Burke*, 6 Rich. Eq. 200; *Farrar* v. *Haselden*, 9 Rich. Eq. 337.)

---

1  81 Am. Dec. 344.          2  55 Am. Dec. 654.

*John F. Alexander,* for Respondent:

Plaintiff had no such claim as is contemplated by the statute for presentation. (*Belloc* v. *Rogers,* 9 Cal. 123; *Hentsch* v. *Porter,* 10 Id. 559; *Fallon* v. *Butler,* 21 Id. 30; *Willis* v. *Farley,* 24 Id. 499.)

By the Court, BELKNAP, C. J.:

This is a suit in equity to recover the amount of unpaid subscriptions to the capital stock of the Reno Savings Bank. Two of the defendants are representatives of deceased persons. They object to the proceedings because of the admitted failure of respondent to comply with the requirements of the probate law in the matter of the presentation for allowance of the demands sued upon.

The law requires (section 611, Comp. Laws) "if a claim be not presented within ten months after the first publication of notice, it shall be barred forever," unless certain exceptions exist immaterial here. Again (section 618): "No holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator." Courts of equity uniformly regard the unpaid capital stock of a corporation as a trust fund, held in reserve by the stockholders for the benefit of the creditors. The stockholders are trustees of the creditors, and suits to establish and enforce the trust are maintained against the representatives of deceased persons, upon the theory that the decedent held money equal to the amount of his unpaid subscription, in trust for the creditors, and that the fund, although incapable of identification, has passed into the hands of the executor or administrator. Such a fund is properly no part of the estate of a deceased person. The deceased stockholders were trustees, and not debtors of the bank's creditors. No necessity therefore existed for the presentation of any demand before commencing suit. (*Gunter* v. *Janes,* 9 Cal. 643.)

The bill proceeds upon the ground of an indebtedness arising out of a subscription by the defendants to the capital stock. The testimony shows that no express agreement was made to take any portion of the capital stock of the bank; but that the defendants L. L. Crockett, James H. Kinkead, R. H. Crocker, deceased, and others, deposited thirty thousand dollars with

the bank as its business capital, and agreed among themselves and the bank that they should not be liable for the payment of any further amount of money for the purposes of the bank. Upon these facts, it is said that a fatal variance exists between the pleadings and proof. The agreement established was an implied rather than an express agreement. The variance was immaterial, and could not have misled the defense. (*Smith* v. *Lippincott*, 49 Barb. 398.) Moreover, the decree may be sustained upon the ground that the answers of the defendants set forth, by way of defense, the facts above stated as having been introduced in evidence. The relief granted is therefore within the issue made and litigated. (1 Comp. L., sec. 1211.) Objection is also made to the remedy awarded. It is said that if plaintiff is entitled to any relief, it is by assessment to be levied by the trustees upon all of the stockholders, as contemplated by the by-laws of the bank.

The authorities are uniformily opposed to this suggestion. In *Hatch* v. *Dana*, 101 U. S. 215, the court said: "In the English courts a *mandamus* is sometimes awarded to compel the directors to make the necessary calls,  *  *  *  but this remedy can avail only where there are directors. The remedy in equity is more complete and it is well recognized. (*Ward* v. *Griswoldville M. Co.*, 16 Conn. 593.) In such cases it is nowhere held, so far as we know, that a formal call must be made before a bill can be filed. Indeed, the filing of the bill is equivalent to a call."

And in *Dalton etc. R. R. Co.* v. *McDaniel*, 56 Ga. 191, upon a similar objection, it was ruled that "principle and sound reason accord with authority that equity will grant relief in all such cases."

But an assessment upon the stockholders would be wholly inadequate in the present case. The answer avers that the bank is indebted to a great number of persons in large amounts. Each creditor was entitled to participate ratably with the plaintiff in the fund, and no creditor could be allowed to satisfy his debt to the exclusion of another. If the fund fell short of the amount of the debts of the bank, a court of law would be incapable of adjusting the rights of the creditors. This can be done in equity only.

Further objection is made to the amount of money required to be paid by the defendants under the decree. Plaintiff

recovered a judgment at law against the bank for the sum of thirty-one thousand five hundred and twenty-eight dollars and thirty-eight cents, with interest and costs. The aggregate amount of the judgments against the defendants in the present suit is thirty-nine thousand nine hundred dollars, and other judgments have been rendered in kindred suits aggregating nineteen thousand two hundred dollars. It is said that the effect of the decree is to require the defendants to pay a sum of money to the plaintiff largely in excess of the amount due him from the bank. An examination of the decree will show that the money to be paid under it is to be paid into the district court as a trust fund for the benefit of the creditors of the bank, to be distributed proportionately among them; that the amounts respectively received are to be credited upon the indebtedness of the bank to each creditor, and the liability of the bank therein discharged to the amount such creditor may receive. The decree is unobjectionable. The district court could not have anticipated payments under the decrees rendered in favor of the plaintiff in the other suits, and no suggestion of that nature was made to it. This and the other suits were brought for the purpose of collecting a fund to be applied ratably to the satisfaction of judgments at law, recovered against the bank, and duly presented to the court below, by the creditor, for participation. The decrees in all of these suits are framed with this object in view.

The record contains many exceptions to the rulings of the court in admitting and excluding evidence. We shall not consider them, because, upon the facts heretofore referred to, as contained in the answer, in connection with the testimony of defendant James H. Kinkead, fixing the proportionate liability of each of the defendants, the decree is, in any event, correct. The rulings in *Thompson* v. *Reno Savings Bank, ante,* 103, are decisive of the other points.

The decree and order of the district court are affirmed.