Cullen, J.
action is to recover for storage of a, printing press on an express contract. But two exceptions-were taken by the appellant. The first was to the admission of evidence of the value of the storage. This was not well taken. We think it now the settled practice that one may declare on a special contract, and failing to prove such, may recover on a quantum meruit. Sussdorf v. Schmidt, 55 N. Y., 319; Smith v. Lippincott, 49 Barb., 398; Scott v. Lillienthal, 9 Bosworth, 224.
There is no reason why the parties should be remitted to-a second litigation. The second exception was to the denial of a motion to dismiss the complaint. This motion was placed on the sole ground that there was no proof to show *159 the defendant was the owner of the press. In this we think the defendant is in error. The plaintiff’s assignee had testified to distinct admissions by the defendant of such ownership. The cause was submitted to the jury under a charge to which no exception was taken. We think there was no such preponderance of evidence as to justify our interference with the verdict.
The motion for a new trial on the ground of newly-discovered evidence was properly denied.
The evidence was merely cumulative and could with diligence have been produced at the trial.
Judgment and order denying motion for new trial should be affirmed with costs.
Barnard, P. J., and Dykeman, J., concur.