(64 App. Div. 246.)

## YOUNG v. HOWELL.

(Supreme Court, Appellate Division, Third Department.  September 13, 1901.)

1. ATTORNEY AND CLIENT—COMPENSATION AND LIEN OF ATTORNEY—STATUTES.
   Under Code Civ. Proc. § 66, providing that the attorney who appears for a party has a lien on his client's cause of action, which attaches to a verdict or judgment in his client's favor, which cannot be affected by any settlement between the parties, it was error to grant an order permitting the plaintiff's attorneys to prosecute an action to final judgment to enforce their lien after a settlement between the parties, where the plaintiff was solvent, and there was no intimation that he did not intend to pay his attorneys.

2. SAME—SETTLEMENT BY PARTIES—FRAUD.
   The fact that a defendant, by fraud, induced the plaintiff to settle an action, cannot be considered on a motion by the plaintiff's attorneys to be allowed to prosecute the action to final judgment to enforce their lien, the same being irrelevant to the inquiry.

Appeal from Albany county court.

Action by Bertram L. Young against Fred S. Howell. From an order permitting plaintiff's attorneys to prosecute the action to judgment after settlement, to enforce their lien for costs, the defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

John A. Stephens, for appellant.

H. & W. A. Hendrickson, for respondent.

PARKER, P. J. The plaintiff was primarily liable to his attorneys for their services in commencing and prosecuting this action, and the lien which is given them by section 66 of the Code is given as a security only for such demand. The court will enforce such lien whenever it is necessary to do so in order to protect the attorney's legal claims, but the client still has the unrestricted control of the subject of the action and the terms upon which the settlement may be made, and such a settlement is not affected by such section unless it operate to the prejudice of the attorney's claim. Such seems to be the rule as enunciated in the following cases: Lee v. Oil Co., 126 N. Y. 579, 27 N. E. 1018; Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849. In the case at bar it appears that the plaintiff is solvent, and abundantly able to pay the costs to which his attorneys are entitled. Nothing appears in the case showing that security for their demand of $16 is needed. The plaintiff, having settled with the defendant for a sum less than his full demand, must now settle with his attorneys for their services; and there is no intimation in the record that he cannot or will not do so. It is not claimed that there was any collusion in such settlement with a view to prejudice the attorneys, and, inasmuch as plaintiff is not only liable, but clearly able, to pay them, the enforcement of their lien is not necessary. They are in no way prejudiced without it.

It is urged upon us that the defendant deceived and defrauded the plaintiff into making such settlement, but this application is not

made on behalf of plaintiff to vacate such settlement on the ground of defendant's fraud. If it were, a different inquiry would be presented; but, as it is clearly a motion to enforce the attorneys' lien given by section 66, and nothing more, it must be controlled by the rules above stated.

The order is reversed, with $10 costs and disbursements. All concur.