(88 App. Div. 467.)

## CORBIT v. WATSON et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. ATTORNEY AND CLIENT—LIEN—SETTLEMENT BETWEEN PARTIES—JUDGMENT —VACATION.

   Since, under Code Civ. Proc. § 66, giving an attorney a lien on his client's cause of action, which attaches to a verdict or judgment, and the proceeds thereof, in whosesoever hands they may come, which cannot be affected by any settlement between the parties before or after judgment or final order, an attorney's lien was not displaced by a settlement between the parties, and the satisfaction of the judgment recovered, such satisfaction would not be set aside unless it was necessary to enable the attorneys to realize the amount they were entitled to for their services.

2. SAME—ATTORNEY'S SERVICES—VALUE—DETERMINATION.

   Code Civ. Proc. § 66, gives an attorney a lien on his client's cause of action, which attaches to any recovery in his client's favor, and the proceeds thereof, in whosoever hands they may come, which cannot be affected by any settlement between the parties, and declares that the court, on petition of the client or attorney, may determine and enforce the lien. *Held*, that where, after judgment recovered, the parties settled the controversy, and plaintiff satisfied the judgment without her attorneys' consent, the attorneys were entitled, on application to the court, to have the value of their services and the amount of their lien determined, though they were not entitled to vacate the satisfaction of the judgment.

Appeal from Special Term.

Action by Mary E. Corbit against Thomas Watson and others. From an order denying the motion of George H. Fisher, plaintiff's attorney, to vacate the satisfaction of a judgment recovered in favor

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. §§ 407, 413.

of plaintiff, and to determine and enforce a lien for attorney's fees, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry F. Cochrane, for appellant.

Henry A. Forster, for respondents.

PATTERSON, J. This is an appeal from an order denying an application of George H. Fisher, an attorney at law, made on behalf of himself and of the firm of which he is a member, to set aside the satisfaction of a judgment obtained by the plaintiff against the defendants, and for the appointment of a referee to ascertain and determine the reasonable value of his services and those of the firm of Fisher & Voltz in this action. The vacatur was prayed for, for the purpose of enforcing an attorney's lien of Mr. Fisher and of his firm, who were retained by the plaintiff to act for her in the matter of a claim against the estate of her deceased husband, and which was prosecuted, eventuating in the recovery of a judgment in her favor. After the recovery of the judgment, and without the knowledge of Mr. Fisher or his partner, the judgment debtors settled with the plaintiff, paid her the amount of the judgment, and she executed and delivered to them a satisfaction piece thereof. The application is also founded on the allegation that the plaintiff, Mary E. Corbit, resides in the state of New Jersey, and that she has no property in this state or elsewhere, except as received from the estate of her deceased husband. In answer to the application, it was shown that the plaintiff, through Fisher & Voltz, her attorneys, made a claim upon the estate of her deceased husband for money loaned by her to him in his lifetime. The claim was referred, under the statute relating to disputed claims against decedents' estates. The referee reported in her favor, and judgment was entered upon such report for $10,423.55 on July 26, 1902. The judgment was paid in full on January 8, 1903. On February 19, 1903, Messrs. Fisher & Voltz sent to the plaintiff a bill for $3,474.51, which she refused to pay, on the ground that it was unreasonable; her claim against the estate having been admitted by one of the executors before the referee, there having been but one hearing on the reference, and the demand of the attorneys appearing to her to be exorbitant. The plaintiff also, in her answering affidavit, recites that she is willing and ready and able to pay the reasonable charges of her attorneys; and she swears that she is worth, in property situated in the city of New York and elsewhere, more than the sum of $30,000, and she specifies what that property is, and where it is located, and that she is perfectly solvent and responsible. The court at Special Term denied the motion in toto.

That the firm of Fisher & Voltz have a lien on this judgment is not controverted, but it is evident that their client, the plaintiff, is in good faith disputing only the value of their service, which would, of course, measure the extent of their lien. Where a client is solvent, the attorney's lien operates only as a security for his legal claim;

and, where there is a dispute between him and his client as to the value of the services, the client, being solvent, may collect the claim without interference by the attorney. In Lee v. Vacuum Oil Company, 126 N. Y. 579–587, 27 N. E. 1018, which case arose upon an order granting a motion vacating and setting aside a settlement of an action and the satisfaction of a judgment by a client without the knowledge and consent of the attorney, and in disregard of a stipulation between the attorney and client that no settlement should be made of the action without the attorney's consent, it is stated as the opinion of the court that the existence of a lien in favor of the attorneys—

"Does not confer a right on them to stand in the way of a settlement of an action which is desired by the parties, and which does not prejudice any right of the attorneys. * * * The client still remains the lawful owner of the cause of action, and is not bound to continue the litigation for the benefit of his attorneys when he judges it prudent to stop, provided he is willing and able to satisfy his attorneys' just claims. In fact, the lien * * * was intended for and operates only as security for the attorneys' legal claims, and, unless those are prejudiced by the client's contract, she has unrestricted control of the subject of the action and the terms upon which a settlement shall be effected. Pulver v. Harris, 52 N. Y. 73; Coughlin v. N. Y. C. & H. R. R. Co., 71 N. Y. 448, 27 Am. Rep. 75."

In Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53, it is said that an attorney's lien created by section 66 of the Code of Civil Procedure does not prevent the owner of a judgment from receiving the amount thereof and executing a discharge. "When it is shown that such payment or discharge will operate to deprive the attorney of his costs, the court has power to protect him, but it cannot be assumed that a settlement is in fraud of his rights." In Young v. Howell, 64 App. Div. 246, 72 N. Y. Supp. 5, it is said that the client still has the unrestricted control of the subject of the action, and the terms upon which the settlement may be made, and such a settlement is not affected by such section unless it operates to the prejudice of the attorneys' claim. "* * * Inasmuch as plaintiff is not only liable, but clearly able to pay them, the enforcement of their lien is not necessary. They are in no way prejudiced without it." In Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 500, 66 N. E. 395, it is said that the lien of the attorney is subject to the right of the client to settle in good faith. In Peri v. N. Y. C. R. Co., 152 N. Y. 527, 46 N. E. 850, the court says:

"The existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement. The client is still competent to decide whether he will continue the litigation. The lien operates as security, and if the settlement entered into by the parties is in disregard of it and to the prejudice of the plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will interfere and protect its officer."

In the present case, there was no sufficient ground shown for interference with the settlement made between the defendants and the plaintiff, or to set aside or vacate the satisfaction of the judgment. It is said in Peri v. N. Y. C. R. Co., supra, that the attorney's lien given by section 66 of the Code of Civil Procedure is a statutory lien "of which all the world must take notice, and any one settling with

a plaintiff without the knowledge of his attorney does so at his own risk.   Coster v. Greenpoint Ferry Co., 5 Civ. Proc. Rep. 146, affirmed without opinion [Custer v. Same] 98 N. Y. 660." The satisfaction of the judgment does not, therefore, displace the lien of Fisher & Voltz.   Hence it is unnecessary to set that satisfaction aside, unless it may be hereafter required to enable the attorneys to realize the amount to which they may be justly entitled from their client.   But they may proceed to have the amount of their claim liquidated by the special proceeding which is now authorized by section 66 of the Code of Civil Procedure, and one branch of this motion was authorized by that section.   Under it, either the client or the attorney may petition the court to determine the amount of the lien, and to enforce it.   In the Matter of King, 168 N. Y. 53, 60 N. E. 1054, it was held that the court not only has jurisdiction, but it must, either itself, or by a reference in its discretion, determine the amount of a client's indebtedness to his attorney, in a proceeding properly instituted, since by an amendment to that section a new remedy is provided for an existing right, which is not unconstitutional, and the parties are not entitled to a jury trial.   By that section the lien of the attorney attaches to a verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof, in whosoever hands they may come, and the lien cannot be affected by any settlement between the parties before or after judgment or final order.   The amendment of 1899 consists in the establishment of a new and summary method of ascertaining the amount and of enforcing the attorney's lien, which new remedy is available both to client and attorney, and is in these words: "The court, upon the petition of a client or attorney, may determine and enforce the lien."   This amendment was not in force when the matter of Lexington Avenue, 30 App. Div. 602, 52 N. Y. Supp. 203, was decided.

In the present case a lien exists.   The client admits that the attorneys are entitled to something.   The law gives the lien for the unliquidated amount.   The amendment of 1899 to section 66 furnishes the method of ascertainment of the amount of the lien.   That portion of the motion which looked to the appointment of a referee to ascertain and determine the value of the services of Fisher & Voltz should have been granted, but there was no necessity at the time the motion was made—nor is there at this time—to set aside and vacate the satisfaction of the judgment.

The order appealed from should therefore be modified so that it shall provide for a denial of the motion so far as it relates to vacating the satisfaction of the judgment, and for granting the motion so far as it relates to a reference to ascertain and determine the amount of the attorneys' lien.   It should further provide that, if the attorneys are unable to collect from the client the amount which may be found due them from her, the motion to vacate and set aside the satisfaction piece may be renewed.   No costs of this appeal to either party.   All concur.