(41 Misc. Rep. 431.)

COHN v. POLSTEIN et al.

(Supreme Court, Special Term, New York County. October, 1903.)

1. ATTORNEY'S LIEN—SETTLEMENT OF CASE.
    Though an attorney, under Code Civ. Proc. § 66, has a lien on his client's cause of action, it cannot stand in the way of an honest settlement between the parties, but he can follow the proceeds so far as they belong to his client, and be paid out of them before creditors of his client.

2. SAME—CONTINUING OF ACTION.
    Where an attorney brought partition, and the parties agreed to discontinue the action, and no sale was had, and the client's interest in the premises sufficiently secured the attorney's claim for services, he would not be allowed to continue the action to final judgment for the purpose of enforcing his lien.

3. SAME—AMOUNT OF CLAIM—REFERENCE.
    Where a partition suit is settled between the parties, in order to determine the claim of the attorney for plaintiff on a cause of action for services the case will be sent to a referee, to report whether there was

an express agreement for compensation, and, if so, the damages for the breach, or, failing that, the amount due the attorney on a quantum meruit.

Action by Louis Cohn against Isaac Polstein, Ray Polstein, and Amelia Cohn. Motions of plaintiff's attorney for leave to continue the action to final judgment to enforce his lien for services. Reference ordered.

Henry Brill, for plaintiff.
William Bernard, for defendant Polstein.

CLARKE, J. Motion is made by the plaintiff's attorney for leave to continue this action in partition to final judgment for the purpose of enforcing his lien for services, and for such other and further relief as to the court may seem proper. The plaintiff's attorney claims that the measure of compensation agreed upon was to be whatever costs and allowances might be awarded in the action. This agreement is not specifically denied by the plaintiff, who, however, states that he has not been able to agree with his attorney upon the sum due for services. The action was commenced for the partition of two parcels of land—one an unimproved lot on Washington avenue, stated to be worth between $12,000 and $15,000, and the other an apartment house known as No. 17 Livingston Place, conceded by both parties to be worth $250,000, and on which there is a mortgage of $160,000. In February, 1903, by consent, an order was entered vacating and discharging of record the lis pendens against the unimproved parcel, which order is made expressly without prejudice to the plaintiff's attorney's costs and allowances herein, which are to be chargeable entirely against the other property. In May, 1903, a motion was made at Special Term, by the plaintiff, for leave to substitute another attorney in place of the petitioner herein, and the motion was granted upon condition that the plaintiff give a bond in the sum of $1,500 to pay whatever sum a referee named in said order should find to be the value of the services of the plaintiff's attorney. The condition contained in said order was never complied with, as the bond was never given, and therefore the substitution did not take place, and the value of petitioner's services was not determined. The plaintiff, however, served a notice upon his attorney directing him to desist from taking any further steps in the partition action. The plaintiff and defendant have settled their differences, and agreed to continue as co-tenants of the premises, and to discontinue the partition suit. The petitioner states that there are many unpaid judgments on record against the plaintiff, and that petitioner believes him to be insolvent. The plaintiff does not deny that there are judgments against him, but states that he is solvent. Under these circumstances, the motion to continue the action must be denied. The petitioner relies upon section 66 of the Code of Civil Procedure, which has greatly increased the powers of courts in enforcing liens. In many cases this court has held that an attorney may continue an action to enforce his lien, but proper settlements are uniformly encouraged. Where there is an honest settlement in good faith, it may be made without the attorney's consent, in case the attorney's claim is not prejudiced thereby.

84 N.Y.S.—68

Mr. Justice Parker, in Young v. Howell, 64 App. Div. 246, 72 N. Y. Supp. 5, says:

"The court will enforce such lien whenever it is necessary to do so in order to protect the attorney's legal claims, but the client still has the unrestricted control of the subject of the action, and the terms upon which the settlement may be made, and such a settlement is not affected by such section unless it operate to the prejudice of the attorney's claim. Such seems to be the rule as enunciated in the following cases: Lee v. V. O. Co., 126 N. Y. 579 [27 N. E. 1018]; Poole v. Belcha, 131 N. Y. 200 [30 N. E. 53]; Peri v. N. Y. C. & H. R. R. Co., 152 N. Y. 521 [46 N. E. 849]."

And the question has been finally determined by the Court of Appeals in the recent case of Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395. Judge Vann, at page 500, 173 N. Y., and page 397, 66 N. E., says:

"A cause of action is not the property of the attorney, but of the client. The attorney owns no part of it, for a lien does not give a right to property, but a charge upon it. As it is merely incidental, and for the purpose of security only, it would not be reasonable to hold that the Legislature intended it should be the means of blocking an honest and genuine adjustment of controversies. We think the lien is subject to the right of the client to settle in good faith without regard to the wish of the attorney, and we so held in the Peri Case, where we declared that 'the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement.'"

It is clear in this case that the settlement has been made in good faith. The plaintiff and defendant have determined that it is best not to sell the property in partition, and are negotiating for a loan on said property. The settlement is made with no intention to deprive the attorney of his just compensation. Whether in this case the client is solvent or not, the attorney is fully protected, because his lien is not lost by the settlement, but attaches to the proceeds of the settlement. Judge Vann, in the Fischer-Hansen Case, at page 501, 173 N. Y., and page 397, 66 N. E., in speaking of the right of the parties to settle, says:

"The right of the parties to thus settle is absolute, and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and, if they have been paid over to the client, to insist that his share be ascertained and paid to him."

It has been held in many cases that the attorney has a lien against the proceeds of settlements made or judgments entered without his consent (Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Lee v. V. O. Co., 126 N. Y. 579, 587, 27 N. E. 1018; Matter of Gates, 51 App. Div. 350, 64 N. Y. Supp. 1050; Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079), and even against the land taken on foreclosure of a mortgage, or adjudged to belong to the client (Skinner v. Busse, 38 Misc. Rep. 265, 77 N. Y. Supp. 560; West v. Bacon, 13 App. Div. 371, 43 N. Y. Supp. 206). In Cooper v. Cooper, 51 App. Div. 595, 64 N. Y. Supp. 901, appeal dismissed without opinion, 164 N. Y. 576, 58 N. E. 1086, it was held that an attorney has a first lien, which attaches to the proceeds of a sale in partition, and creditors only become entitled after the attorney has received his compensation. As there has been no sale, the question presents itself, to what does the attorney's lien attach? The plaintiff, instead of making an actual division of the prop-

.erty with the defendant, or taking the cash value of his share, has agreed to continue the owner of a one undivided half interest in the premises. In this case that undivided interest is what the plaintiff has agreed to take upon discontinuance of the suit, and to that interest the attorney's lien attaches. It is therefore determined that the petitioner has a first lien upon the interest of his client in premises known as No. 17 Livingston Place. Section 66 of the Code of Civil Procedure gives the court, upon the petition of the attorney, express authority "to determine and enforce the lien." Although the motion to continue the action is denied, the court has power, under the prayer for other and further relief, to order the appropriate procedure. The attorney, had he so chosen, could have brought an action to foreclose his lien. Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395; Skinner v. Busse, 38 Misc. Rep. 265, 77 N. Y. Supp. 560. But such relief is cumulative merely, and the court may not properly, in the exercise of its discretion, deprive the petitioner of the remedy for the enforcement of his right provided by the Code. Matter of King, 168 N. Y. 53, 60 N. E. 1054. The client concedes that he retained the petitioner, but competent proof must be presented as to whether there was an express agreement as to compensation, and, if so, of the damage suffered from breach thereof, or, if there was no express agreement, then of the amount due on a quantum meruit. Matter of Dept. of Public Works, 167 N. Y. 501, 60 N. E. 781. An order may therefore be entered, following the procedure in the case last cited, and in Matter of King, 168 N. Y. 53, 60 N. E. 1054, and Peri v. N. Y. C. & H. R. R. Co., 152 N. Y. 521, 525, 46 N. E. 849, appointing a referee to take proof of the facts and circumstances of the matters set forth in the papers read in support and in opposition to this application, with direction to report the testimony, together with findings of fact and conclusions of law, to the court.

Ordered accordingly.