## DUMOWITH v. MARKS.

(Supreme Court, Appellate Term. November 6, 1903.)

1. ATTORNEYS—ENFORCING LIEN FOR FEES—PRACTICE.

Code Civ. Proc. § 66, providing that the court, on petition of the client or attorney, may determine and enforce the attorney's lien, provides a practice only as between attorney and client, and not for enforcing the claim of plaintiff's attorney for fees against defendant, who has settled with plaintiff.

2. SAME—ENFORCEMENT AGAINST DEFENDANT—INSOLVENCY OF PLAINTIFF.

Plaintiff's attorney, to enforce his claim for fees against defendant, who has settled with plaintiff, must show that plaintiff is insolvent.

Appeal from City Court of New York, Special Term.

Action by Aelig Dumowith against Cristania Marks. From order entered therein, and from a judgment for Charles Rosenthal, plaintiff's attorney, against defendant, for his fees, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Butler, Notman, Joline & Mynderse, for appellant.
C. S. Rosenthal, for respondent.

BLANCHARD, J. The proceedings taken by the plaintiff's attorney, by virtue of the concluding clause of section 66 of the Code of Civil Procedure, to ascertain and enforce payment of his lien, are proper only between attorney and client. Rochfort v. Met. Street Ry. Co., 50 App. Div. 261, 63 N. Y. Supp. 1036. Nor does it appear that the plaintiff is insolvent. Young v. Howell, 64 App. Div. 246, 72 N. Y. Supp. 5.

The judgment and order appealed from should be reversed, with costs. All concur.