### WITMARK v. PERLEY et al.

(Supreme Court, Appellate Term. February 23, 1904.)

1. ATTORNEY'S FEE—CLIENT'S COMPROMISE OF SUIT—RIGHT TO DISMISS.

    A plaintiff who is financially responsible has the right to compromise the suit on the eve of trial without the knowledge or consent of his attorney, and without making any arrangement for payment of his fee, and the attorney's lien attaches to the proceeds of the compromise, rather than to the cause of action, which is terminated by the settlement; so that an order permitting the dismissal of the case only on plaintiff's paying his attorney, and authorizing the attorney, in case he is not paid, to prosecute the action to final judgment, is erroneous.

Appeal from City Court of New York, Special Term.

Action by Isidore Witmark against Frank L. Perley, in which Benno Loewy, plaintiff's attorney, petitions for the determination and enforcement of his lien upon the cause of action. From an order granting the prayer of the petitioner, the plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

A. S. Gilbert, for appellant.
Benno Loewy, in pro. per.

GIEGERICH, J. The plaintiff, on the eve of trial, without the knowledge or consent of his attorney, and without making any arrangement for the payment of the attorney's fee, compromised his claim of $744.53 against the defendant for the sum of $350, and moved to compel the latter to consent to a discontinuance of the action. The attorney made a cross-motion by petition, praying that the court determine and enforce his lien upon the plaintiff's cause of action. The court below, at Special Term, granted the petition, and fixed and determined the amount of the respondent's lien upon the plaintiff's claim and cause of action at the sum of $222.17, which the plaintiff was directed to pay within three days; and ordered that, upon such payment being made, the action be discontinued, but, if payment was not so made, that the attorney be at liberty and be authorized to continue and prosecute the action to final judgment, and to enforce such final judgment to the extent of his lien. The appellant insists that, since the plaintiff is financially responsible, and the attorney is not in danger of being defrauded of his fees and disbursements, the client had an absolute right to settle the case, which proposition is sustained by the authorities. Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Young v. Howell, 64 App. Div. 246, 72 N. Y. Supp. 5.; Cohn v. Polstein, 41 Misc. Rep. 431, 84 N. Y. Supp. 1072; Pomeranz v. Marcus, 40 Misc. Rep. 442, 82 N. Y. Supp. 707. The case having been settled, the attorney's lien attaches to the fund produced by the settlement, and is necessarily extinguished against the cause of action, which is no longer in existence. Fischer-Hansen v. Brooklyn Heights Ry. Co., 173 N. Y. 492, 66 N. E. 395; Fenwick v. Mitchell, 34 Misc. Rep. 617, 70 N. Y. Supp. 667; Zimmer v. Met. St. Ry. Co., 32 Misc. Rep. 262, 65 N. Y. Supp. 977. The respondent urges that there was an element of fraud in the case such as the courts found to exist in National Exhibition Company v. Crane, 167 N. Y. 505, 60 N. E. 768, where it was said:

"Dishonest and collusive settlements, made with intent to defraud the attorneys upon either side, are reprehensible, and should be condemned. The plaintiff asked for relief founded on a settlement of the latter character, and the court had the power to refuse to stain its records by an entry based upon fraud."

In the present instance, however, we fail to find any evidence of fraud, and therefore the settlement must stand, and the plaintiff's lien must attach to the fund received in compromise, which is more than sufficient to cover the amount claimed by him. It follows, therefore, that the portion of the order appealed from which imposes conditions upon granting the motion for a discontinuance and authorized the respondent, in the event that the sum awarded should not be paid, to prosecute the action, was unwarranted, and to that extent the appeal is well taken.

The appellant also urges that the amount awarded by the court was too great, and in this we agree. In our opinion, the sum of $170, which amount the respondent, in his first letter to the plaintiff, offered

to accept in full payment, is adequate compensation. The order should therefore be modified, as above indicated, and, as modified, affirmed, without costs.

Order modified, as above indicated, and, as modified, affirmed, without costs. All concur.