(98 App. Div. 158)

RADLEY et al. v. GAYLOR.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. ATTORNEY AND CLIENT—RIGHT TO FEES—AGREEMENTS.

Where one attorney of record represented three plaintiffs in an action, and, before the institution thereof, agreed that another attorney should be of counsel, and that one of the plaintiffs should pay the fees of such counsel, and the other plaintiffs should pay the remaining expenses, he himself was not entitled to any fee from the plaintiff who was to pay the other counsel.

2. SAME—ATTORNEY'S LIEN—DETERMINATION.

Under Laws 1899, p. 80, c. 61, amending Code Civ. Proc. § 66, and providing that the court, upon the petition of client or attorney, may determine and enforce an attorney's lien, the court may, on a summary application, determine whether the attorney has a lien, and, if not, direct him to pay over to his client the money which he retains.

Appeal from Special Term, New York County.

Action by John J. Radley and others against Clarence W. Gaylor. James E. Kelly, attorney of record for plaintiffs, was directed to pay to plaintiff Anna Augusta Kenly, or her attorney, a sum of money, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James E. Kelly, for appellant.

Wm. S. Read, for respondent.

PATTERSON, J. An order was made at Special Term directing that James E. Kelly, an attorney at law, pay to Anna Augusta Kenly, or to her attorney, Walter S. Logan, the sum of $233. Mr. Kelly was attorney of record for the three plaintiffs in this action, Mrs. Kenly being one of them. Before the action was begun, Mr. Kelly agreed as follows:

"Regarding the suit against Gaylor, the suggestion is accepted that Mr. Logan is also to be of counsel for plaintiffs, and Mrs. Kenly is to pay all fees and charges of Mr. Logan, Mr. Radley, and Mrs. Ramsay to pay the remaining expenses."

The action was settled, and Kelly, as attorney, received $600 for the benefit of Mrs. Kenly. That was the amount to which she was entitled. He has paid over $366.66, and refuses to pay $233.33; claiming the right to retain it as compensation. The relations of the parties seem to have been fixed by the arrangement above referred to. There were three parties plaintiff to the action against Gaylor, and it is evident that Mrs. Kenly intended that her interest in the action should be looked after altogether by Mr. Logan, and that Mr. Kelly prosecuted the action under the agreement that Mr. Radley and Mrs. Ramsay were to pay all the expenses of the action, excepting that Mrs. Kenly was to be responsible for the fees and charges of Mr. Logan, and it was upon that condition that Mrs. Kenly came in as a party plaintiff. She did not contemplate paying two lawyers. The protection of her interests was to be confided to Mr. Logan. That is the fair construction of the agreement. The court had power to compel the attorney to pay this money over. It cannot be said that Mr. Kelly is acting in bad faith. He may be perfectly honest in the assertion of the claim, but he is wrong in his contention. The attitude in which he stands is that of an attorney who retains money from his client on the ground that he has a lien for services, and that he is entitled so to retain it to satisfy that lien. This is, in its purpose and effect, simply an application to determine whether the attorney has a lien, and it is competent for the court to consider the matter under the amendment of 1899 of section 66 of the Code of Civil Procedure (Laws 1899, p. 80, c. 61), which says that the court, upon the petition of the client or attorney, may determine and enforce the lien, and that necessarily includes the power of the court in this summary way to say whether a lien exists or not. Corbit v. Watson, 88 App. Div. 467, 85 N. Y. Supp. 125.

I think the order should be affirmed, with $10 costs and disbursements. All concur.