(76 Misc. Rep. 331.)

## In re JONES.

(Supreme Court, Special Term, Nassau County.    April, 1912.)

ATTORNEY AND CLIENT (§ 175*)—COMPENSATION OF ATTORNEY—LIEN.

Where, after the entry of final judgment establishing plaintiff's right to certain land as against a town, plaintiff employed an attorney to prosecute an appeal on the claim that plaintiff was entitled to more land, and such claim fails but the judgment as rendered is affirmed, the attorney is not entitled to a lien under Judiciary Law (Consol. Laws 1909, c. 30) § 475.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 394–398; Dec. Dig. § 175.*]

Petition by Gertrude M. Jones, as assignee and legal representative of W. Martin Jones, attorney and counselor at law, deceased, under Judiciary Law, § 475, to determine and enforce her lien on the judgment for plaintiff in the action of Richard Sandiford against the Town of Hempstead and others in the Supreme Court of Queens County.  Denied.

W. Martin Jones, Jr. (Thos. G. Flaherty, of counsel), for petitioner.

Foley, Powell & Hacker (Nicholas W. Hacker, of counsel), for Sandiford.

Eph. A. Karelsen (George Boochever, of counsel), for Scheer.

BLACKMAR, J.  This is a proceeding under section 475 of the Judiciary Law, formerly section 66 of the Code of Civil Procedure, to determine and enforce a lien of petitioner's assignor, W. Martin Jones, deceased, as attorney for the appellant in the case of Sandiford v. Town of Hempstead.  The petitioner alleges an employment to prosecute an appeal after final judgment, which appeal led to an affirmance of the judgment both in the Appellate Division and in the Court of Appeals.  97 App. Div. 163, 90 N. Y. Supp. 76; 186 N. Y. 554, 79 N. E. 1115.

Numerous questions have been raised by counsel, some of law and some of fact; but I have reached the conclusion that the petition must be denied, assuming that all questions of fact are decided in petitioner's favor, and I therefore shall examine only the question of law which seems to me decisive against petitioner's claim.

The statutory attorney's lien was given to protect his compensation by charging it against the judgment, or the proceeds thereof, which his services had been instrumental in securing to his client. Any property right which the judgment secured or protected or enforced may be called the proceeds of the judgment, and is therefore subject to the lien.  Skinner v. Busse, 38 Misc. Rep. 265, 77 N. Y. Supp. 560; West v. Bacon, 13 App. Div. 371, 43 N. Y. Supp. 206.

The lien also attaches to the client's cause of action or claim before judgment, and will be enforced in case of settlement or discontinuance before judgment.  Cohn v. Polstein, 41 Misc. Rep. 431,

84 N. Y. Supp. 1072; Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395.

If, however, the client's claim or cause of action is merged in a judgment, there is nothing for the lien to attach to except the judgment or its proceeds. In the case of Sandiford v. Town of Hempstead, if the judgment established the plaintiff's right to any land or protected him in its enjoyment, as it undoubtedly did, the attorney who conducted the litigation for him would have been entitled to a lien on the land as the proceeds of the judgment establishing plaintiff's claim to it as against the defendant. But the case had been tried and judgment entered before the retainer of Mr. Jones. He was employed to prosecute an appeal for the plaintiff. It is true that the plaintiff then had a claim. It was that he was entitled to more land as against the town of Hempstead.

To secure this he appealed against the judgment. If he had succeeded, then I think the attorney would have had a lien on whatever was the subject of the action. But he did not succeed. The judgment was affirmed. The lien created by the statute is not a general lien. It is a specific lien in the subject-matter of the controversy. In this case, that was the claim to a greater amount of land than was awarded by the judgment. The court having decided against the plaintiff's claim, there is nothing to which the lien could attach. There is no more reason why he should have a lien against property theretofore awarded by the judgment than against any other property of his client. The principle underlying an attorney's lien, statutory or at common law, is that his services have aided in creating the value to which the lien attaches. If he had represented the respondent and the judgment had been affirmed, the rule would be different.

Without considering any other question, this leads to a denial of the motion.

Motion denied.