## In re HUGHES.

(District Court, E. D. New York. May 7, 1919.)

1. ATTORNEY AND CLIENT ⊂⊃175—ATTORNEY'S LIEN—LIEN ON COSTS.

Though attorneys for defendants were not such until after the Appellate Division of New York had rendered judgment for costs for defendants, having been retained to represent defendants in the appeal taken by plaintiffs to the New York Court of Appeals, since the attorneys were protecting the judgment for costs awarded by the Appellate Division, their lien extended to such costs, while they clearly had a lien on the costs awarded by the Court of Appeals.

2. ATTORNEY AND CLIENT ⊂⊃191—ATTORNEY'S LIEN—SUPERIORITY TO RIGHT OF SET-OFF.

The liens of defendant's attorney on judgments of the Appellate Division of New York and the Court of Appeals in favor of defendant for costs were superior to the right claimed by plaintiffs to set off a judgment held by their firm against defendant.

In Bankruptcy. In the matter of Elizabeth L. Hughes, bankrupt. The firm of Louis M. Doctor opposed the discharge of bankrupt. On motion for order staying the bankrupt and her attorneys, during pendency of an appeal, from issuing execution and costs against the objecting firm. Motion denied.

Mark G. Holstein, of New York City, for the motion.
Lee & Wadsworth, of New York City, opposed.

GARVIN, District Judge. The firm of Louis M. Doctor objected to the discharge of the bankrupt above named. The discharge was granted, and an appeal has been taken, or is about to be taken, to the Circuit Court of Appeals for the Second Circuit.

The said firm has made a motion for an order staying the bankrupt and her attorney, during the pendency of her appeal, from issuing execution for costs against the firm of Louis M. Doctor. These costs were awarded against the plaintiffs (composing said firm of Louis M Doctor) in an action in which the bankrupt was named as one of the defendants, which was finally determined in favor of the defendants by the New York Court of Appeals in January, 1919. By the order of said court a judgment for costs against the said firm, amounting to $167.98, was entered, and thereby a judgment for costs in the said action in the Appellate Division, First Department, in favor of the defendants against the plaintiffs, for $264.60, was affirmed, and thereupon became due and payable.

The firm of Lee & Wadsworth, attorneys for the bankrupt herein, are also the attorneys for the defendants in said action, and claim an attorney's lien awarded to said defendants therein.

[1] Although the attorneys for the defendants were not their attorneys until after the determination of the Appellate Division, having been retained to represent the defendants in the appeal taken by the plaintiffs to the Court of Appeals, nevertheless it appears that, inasmuch as the attorneys were protecting the judgment for costs award-

ed by the Appellate Division, their lien extends to these costs. Matter of Jones, 76 Misc. Rep. 331, 136 N. Y. Supp. 819. Defendants' attorneys clearly have a lien upon the costs awarded by the Court of Appeals.

[2] Both of these liens are superior to the right claimed by the firm of Louis M. Doctor to set off a judgment held by it against the bankrupt and her husband. Webb v. Parker, 130 App. Div. 92, 114 N. Y. Supp. 489, and authorities therein cited. ·

The motion is denied.