RICHARD R. BERGERON, APPELLANT, *v.* NACKEY S. LOEB, EXECUTRIX OF THE ESTATE OF WILLIAM LOEB, DECEASED, RESPONDENT.

No. 14465

January 25, 1984                                          675 P.2d 397

[Rehearing denied October 4, 1984]

*Lionel Sawyer & Collins,* Reno, for Appellant.

*Hawkins, Rhodes & Sharp,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the district court's declaratory judgment in favor of respondent, Nackey S. Loeb, Executrix, and against appellant, Richard R. Bergeron, who claims an interest in the Estate of William Loeb, Deceased. There is no dispute as to the Nevada district court's jurisdiction over the state proceeding. The lower court simply held that appellant's claim against the estate was forever barred because he had failed to

file the claim in the proper court within the time limit as required by NRS 147.130(1).[1] Although appellant had filed his claim within the requisite 60 day period, the filing occurred in the federal district court for New Hampshire.

The sole issue addressed is whether the district court erred in interpreting NRS 147.130(1) as barring with prejudice the appellant's claim against the estate. We turn to consider the propriety of that determination.

NRS 147.130(1) essentially provides that suits against the estates of Nevada domiciliaries which are not filed in the proper court within 60 days of their rejection by the administrator of the estate are forever barred. We must decide, then, what the legislature intended when it used the phrase "the proper court."

Appellant contends that the language "the proper court" denotes any court having subject matter jurisdiction over the matter in controversy. He concludes, therefore, that the federal district court has the requisite jurisdiction. Respondent, on the other hand, argues that Nevada's strong policy favoring expeditious settlement and distribution of decedents' estates would be frustrated if suit on a rejected claim was permitted in any court having subject matter jurisdiction of the action. Respondent then concludes by urging that in instances such as the one now before the court, the Nevada state district court is the proper court to exercise sole jurisdiction over the estate assets. We agree with respondent.

In Welfare Div. v. Washoe Co. Welfare Dep't, we stated:

> The leading rule for the construction of statutes is to ascertain the intention of the legislature in enacting the statute. . . . The meaning of words used in a statute may be sought by examining the context and by considering the reason or spirit of the law or the causes which induced the legislature to enact it. The entire subject matter and the policy of the law may also be involved to aid in its interpretation. . . . (Citations omitted.)

88 Nev. 635, 637-38, 503 P.2d 457, 458-59 (1972).

[1]NRS 147.130(1) provides:

When a claim is rejected by the executor or administrator or the district judge, in whole or in part, the holder shall be immediately notified by the executor or administrator, and the holder must bring suit in the proper court against the executor or administrator within 60 days after such notice, whether the claim is due or not; otherwise the claim shall be forever barred. If the holder of a claim resides out of the county, he may be informed of the rejection of his claim by written notice forwarded to his post office address by registered or certified mail.

NRS 147.130(1) is part of Title 12 of the Nevada Revised Statutes, relating to Wills and Estates of Deceased Persons. The entire statutory scheme set out in Title 12 demonstrates an intention on the part of the legislature to ensure the speedy and certain distribution of decedents' estates. For example, NRS 143.035 requires that an executor or administrator use reasonable diligence in administering an estate. It further requires him to file a report with the court explaining why the estate has not been closed within six months of his appointment if no federal tax return need be filed for the estate, and within eighteen months if a tax return is required. Subsection 4(c) of this statute provides for revocation of the letters of an executor or administrator who has not used reasonable diligence in the administration of an estate. In addition, NRS 147.040 provides that claims against a decedent must be filed within ninety days after the first publication of notice or be forever barred; and NRS Chapter 145 generally provides for the summary administration of smaller estates. As we stated in Gardner Hotel Supply v. Estate of Clark, 83 Nev. 388, 391, 432 P.2d 495, 497 (1967): "The spirit and letter of Nevada statutes relating to the filing of claims and administration of estates speak to the policy of our laws that efficient and expedient administration is essential."

This is consistent with policy in other states respecting probate matters. *See, e.g.,* Wittick v. Miles, 545 P.2d 121, 126 (Or. 1976), in which the Supreme Court of Oregon stated that "[t]he purpose of the probate code is to facilitate prompt and economic administration of estates" and LoSasso v. Braun, 386 P.2d 630, 632 (Wyo. 1963), where it was noted that "the object of probate proceedings . . . is to wind up the affairs of a decedent in an orderly manner and to make distribution of assets remaining to persons entitled as speedily as is practicable." *See also* California Probate Code § 714 which also provides a shortened limitation period for the filing of rejected claims against an estate. The holder of such a claim must bring suit "within three months after notice of rejection if the claim is then due or if not, within two months after it becomes due; otherwise the claim shall be forever barred."

If appellant is correct that the legislature intended to allow suit to be brought in any court arguably possessing subject matter jurisdiction, then NRS 147.130(1) would be inconsistent with the remainder of the statutory scheme and with the pronounced policy of this, and other states, supporting the speedy resolution of probate proceedings. It is difficult to conceive of a less efficient method of administering an estate than to require

the Nevada district court having jurisdiction over the assets of an estate to await the final adjudications, including appeals, of any number of other courts that may be considering matters which could materially and adversely affect Nevada's established authority to proceed.

This construction of NRS 147.130(1) is further supported by the fact that probate in Nevada is in the nature of an "in rem" proceeding. In an action in rem, the court acquires jurisdiction over the estate and all persons for the purpose of determining their rights to any portion of the estate. When proper notice has been given, the action of the probate court is conclusive as to all creditors and others interested in the estate. Monk v. Morgan, 192 P. 1042, 1044 (Cal.App. 1920), In re Estate of Seeger, 493 P.2d 281 (Kan. 1972). Bancroft's Probate Practice, §§ 40, 61 (2d ed. 1950). In addition, a court, state or federal, which first assumes jurisdiction of property is entitled to maintain and exercise its jurisdiction, to the exclusion of any other court, even to the point of enjoining proceedings in the other court. In Kline v. Burke Const. Co., 260 U.S. 226, 229 (1922), the court stated:

> It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the *res,* and the exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction.

In the instant case, the assets of the Loeb estate, in which appellant claims an interest, have been and remain under the jurisdiction of the Nevada district court. In addition, the trust, upon which appellant seeks to impose an equitable claim, was established and is being administered under the auspices of this same court. The assets of this trust are some 3,750 shares of Union Leader Corporation stock, registered in the name of William Loeb, the decedent. The legal situs of these shares is Nevada, where the stock certificates are located and the trust is

being administered. Certificates of stock are the physical representation of the stock and the court's possession of the certificates gives jurisdiction over the stock. The situs of the shares is the situs of the certificates. Haughey v. Haughey, 9 N.W.2d 575 (Mich. 1943). *Accord,* In re De Lano's Estate, 315 P.2d 611 (Kan. 1957). This administration of the decedent's estate and trust is in conformity with NRS 136.010 which gives exclusive jurisdiction of the settlement of estates to the district court of the county in which the deceased was a resident at the time of death. Appellant's action in federal district court in New Hampshire essentially petitions that court to determine the ownership of the trust res which is under the jurisdiction of the Nevada district court.

It is well established that "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims'. . . ." Markham v. Allen, 326 U.S. 490, 494 (1945), *rev'd in part on other grounds, sub nom,* Clark v. Allen, 331 U.S. 503 (1946). This is an exception to the general denial of diversity jurisdiction as to probate matters. The exception applies, however, only "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.*

Here, it is abundantly clear that having another court determine the ownership of a major asset of the Loeb estate would seriously interfere with the Nevada state probate proceedings and necessitate assumption by it of control over property now in the custody of the Nevada district court. Although we cannot, and do not, decide the propriety of the New Hampshire federal court's exercise of jurisdiction, we do conclude that appellant's action was not brought in "the proper court" as required by NRS 147.130(1).

Accordingly, we affirm the judgment of the district court.