# IN THE SUPREME COURT OF THE STATE OF NEVADA

TREES WOWOR, AN INDIVIDUAL; MARK SEIDENBERG, AN INDIVIDUAL; AND MARK SEIDENBERG, IN HIS CAPACITY AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF SOPHIE SEIDENBERG,
Appellants,
vs.
MICHAEL ROSS, A PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY MATHIAS ROSS, A NEVADA PROBATE ADMINISTRATION,
Respondent.

No. 65163

FILED

JAN 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint and denying a countermotion to stay civil proceedings.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Although we review an NRCP 12(b)(5) motion to dismiss de novo, "the denial of a motion to stay civil proceedings made in connection with such a request is reviewed for an abuse of discretion." *Aspen Fin. Servs., Inc. v. Eighth Judicial Dist. Court,* 128 Nev., Adv. Op. 57, 289 P.3d 201, 205 (2012); *Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224,

---

[1]We note that appellants did not file an amended complaint or seek leave to do so.

16-01488

227-28, 181 P.3d 670, 672 (2008). On appeal, we must determine whether the district court erred in dismissing the complaint or abused its discretion in denying appellants' countermotion to stay civil proceedings. We affirm.

This case arises from an allegedly fraudulent real estate transaction in California that took place in 1995. Harry Mathias Ross served as a general partner in a California partnership called Pinetree Village, Ltd. Pinetree Village developed a condominium project and created associated covenants, conditions and restrictions or CC&Rs. On January 16, 1997, Pinetree Village sold its first condominium. Appellants allege that, in violation of California law, Pinetree Village did not grant a deed to the homeowners association (HOA) for the common areas of Pinetree Village until August 25, 2011. However, the HOA had been "collecting dues, fees, and assessments from the homeowners of the condominiums of [Pinetree Village], and enforcing the provisions of the CC&Rs since approximately 1996."

Based on this alleged violation of law, appellants filed a complaint in Nevada against the Estate of Harry Mathias Ross. Appellants only alleged one cause of action—fraud—averring that their deeds transferred an "incorrect and therefore inoperable legal description and as such made the transfer null and void." Respondent moved to dismiss the complaint arguing that appellants lacked standing, failed to plead fraud with particularity, and filed their complaint after the statute of limitations had expired. Appellants opposed the motion and counter-moved for a stay of the proceedings, so they could prosecute a parallel action in California. The district court granted respondent's motion to dismiss and denied appellants' countermotion for stay of proceedings,

concluding that California is the proper court, and appellants should have obtained a judgment in California before suing respondent in Nevada.

While the district court appears to have dismissed appellants' complaint under *Bergeron v. Loeb*, 100 Nev. 54, 675 P.2d 397 (1984), we decline to evaluate this case under *Bergeron. See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason."). Rather, we conclude that appellants' fraud allegations do not meet the heightened pleading requirements imposed by NRCP 9(b), which states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The heightened pleading requirement for fraud is designed "to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1242 (D. Nev. 2013). In this case, the allegations against respondent not only fail to satisfy the heightened pleading requirement for fraud, but also fail to put respondent on notice of the bases of appellants' claim under the most relaxed pleading standard.

Appellants maintain that the district court should have simply stayed the Nevada action, not dismissed it. But the Nevada complaint does not meet the pleading requirements imposed by NRCP 9(b) and, as a consequence, does not state a claim upon which relief can be granted under NRCP 12(b)(5). Given the inadequacy of the pleading, it was not an abuse of discretion for the district court to have denied appellants' motion for a stay.

Accordingly, as the district court did not err in dismissing the complaint or abuse its discretion in denying appellants' motion to stay civil proceedings, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Douglas Smith, District Judge
       Hansen Rasmussen, LLC
       Bryan A. Lowe & Associates
       Smith Larsen & Wixom
       Eighth District Court Clerk