IN THE SUPREME COURT OF THE STATE OF NEVADA

DAWN D. POSTEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81658

FILED

MAY 27 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in an escheat proceeding. First Judicial District Court, Carson City; James Todd Russell, Judge.

Dawn Postel, a second cousin thrice-removed of William Melton, seeks a share of Melton's substantial escheated estate. On motion under NRCP 12(b)(5), the district court dismissed Postel's NRS 154.120(1) petition/claim, deeming it precluded by this court's decision in the probate matter of the same estate. *In re Estate of Melton*, 128 Nev. 34, 40, 55, 272 P.3d 668, 671-72, 681 (2012) (holding that Melton validly disinherited all his relatives by stating in his will that, "I do not want my brother[, my daughter,] or any of my other relatives to have one penny of my estate," and that his estate therefore escheated to the State). Our review is de novo, *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) (reviewing application of claim and issue preclusion de novo); *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing grant of motion to dismiss de novo), and we affirm.

Issue preclusion bars Postel's claim. For issue preclusion to apply, the proponent must demonstrate that:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the

21-15273

merits and have become final; (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (internal quotation marks, footnotes, and alterations omitted). Issue preclusion can apply "even though the causes of action are substantially different, if the same fact issue is presented." *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nev.*, 116 Nev. 415, 420, 997 P.2d 130, 134 (2000) (internal quotation marks omitted).

First, the same issue is presented, to wit: Did William Melton validly disinherit all his relatives? *Compare* NRS 154.120(1) (requiring an escheated estate claimant to demonstrate the "nature of the claim"), *with Melton*, 128 Nev. at 54, 272 P.3d at 680-81 (holding in the probate action that "when a disinheritance clause is enforceable . . . a disinherited heir is treated, as a matter of law, to have predeceased the testator," requiring escheat). Second, *Melton* is final and reached the merits, requiring escheat and rejecting claims on the estate from relatives—like Postel. Third, any relative, like Postel, had privity with every other relative, because any relative's claim to the estate necessitated attacking Melton's disinheritance clause, which the relatives did in *Melton*. *See* 128 Nev. at 39-40, 272 P.3d at 671-72; *Bergeron v. Loeb*, 100 Nev. 54, 58, 675 P.2d 397, 400 (1984) (holding that "the action of the probate court is *conclusive* as to all creditors and others interested in the estate" and that the proceeding is an action in rem) (emphasis added); *see also* 50 C.J.S. *Judgments* § 1359 (2021 update) (noting that courts have allowed issue preclusion to be asserted against non-parties when prior action is in rem); *W. Union Tel. Co. v. Pennsylvania*, 368 U.S. 71, 75 (1961) (recognizing that an escheat operates in rem). Finally,

(O) 1947A

*Melton* leaves little doubt that the validity of the disinheritance clause issue was actually and necessarily litigated.

Postel's argument regarding the proper scope of NRS 154.120(1) cannot overcome the issue preclusion *Melton* establishes. As *Melton* holds, 128 Nev. at 54, 272 P.3d at 680-81, upholding the validity of the disinheritance clause resulted in all relatives of Melton's being treated, as a matter of law, as having predeceased the decedent, requiring escheat. This defeats Postel's NRS 154.120 claim as a matter of law. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Hon. James Todd Russell, District Judge
     Day R. Williams, Attorney at Law
     Clouser Hempen Wasick Law Group, Ltd.
     Attorney General/Carson City
     Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A