(38 Misc. Rep. 265.)

### SKINNER v. BUSSE.

(Supreme Court, Special Term, New York County. June, 1902.)

1. ATTORNEY'S LIEN—DEATH OF CLIENT.

Where a mortgagee dies before entry of judgment in a foreclosure action, and his executrix employs another attorney to obtain judgment, and buys the mortgaged property in, the original attorney may, under Code Civ. Proc. § 66, providing that from the commencement of an action the attorney has a lien on his client's cause of action, which attaches to a judgment in his client's favor, and the proceeds thereof, maintain an equitable action against the executrix to have his services declared a lien on the mortgaged property.

2. PLEADING AND PROOF—VARIANCE.

That an attorney in an action for services declared on his contract of employment, and recovered as upon a quantum meruit, is not a material variance.

Action by Andrew J. Skinner against Agnes S. O. M. C. Busse, executrix, to establish a lien for professional services. Judgment for plaintiff.

James Kearney, for plaintiff.
Francis M. Eppley, for defendant.

STECKLER, J. The plaintiff, an attorney and counselor at law, was employed by defendant's testator to foreclose mortgages held

by him on two pieces of real property; and the agreed compensation was the costs, disbursements, and allowances in the two actions if the property was bought by an outsider, or a fee equal to the amount of the costs, disbursements, and allowances as taxed if the property was bought in by the mortgagee. Pursuant to the contract the plaintiff commenced the foreclosure suits, and proceeded therein until the mortgagee became entitled to judgment. Before judgment was entered in either action the mortgagee died, and his executrix, the defendant in this suit, declined to avail herself of plaintiff's services in the foreclosure actions, retained another attorney for that purpose, and obtained orders authorizing her to continue the actions in her representative capacity. Upon the sales the property was bought in by the executrix, and a deficiency judgment was entered in each case.

Section 66 of the Code of Civil Procedure provides that "from the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof, in whosesoever hands they may come"; and the plaintiff brings the action under this statute to establish a lien on the property bought in by defendant at the foreclosure sales. The death of the mortgagee terminated the relation of attorney and client (Putnam v. Van Buren, 7 How. Prac. 31; Lacy v. Getman, 119 N. Y. 109, 23 N. E. 452, 6 L. R. A. 728, 16 Am. St. Rep. 806; Greenburg v. Early, 4 Misc. Rep. 99, 23 N. Y. Supp. 1009); and thereafter the executrix was authorized in refusing to avail herself of plaintiff's services, and in placing the pending litigation in charge of an attorney of her own choice. The plaintiff was therefore unable to render the services which he contracted to perform, and cannot recover the agreed compensation, but I think he is entitled to a judgment for the work done as upon a quantum meruit. It is true that the plaintiff sues on his express contract with the testator, and not upon a quantum meruit; but I do not think that proof of the value of the services performed by plaintiff constitutes a material variance, for the defendant was not thereby actually misled to her prejudice in maintaining her defense upon the merits. Code, § 539. A variance is immaterial where plaintiff in an action for work and labor stated in the complaint to have been done for an agreed compensation is allowed on the trial to prove the value as upon a quantum meruit. Sussdorff v. Schmidt, 55 N. Y. 319. And see Smith v. Lippincott, 49 Barb. 398. And as the statute gives a lien to the attorney from the commencement of an action upon the proceeds of the judgment therein, I am of opinion that plaintiff has established a lien upon the property bought at the foreclosure sales, for that property in the defendant's hands is the proceeds of the judgments entered in the actions instituted by the mortgagee. Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079; West v. Bacon, 13 App. Div. 371, 43 N. Y. Supp. 206; In re Gates, 51 App. Div. 350, 64 N. Y. Supp. 1050.

The cases cited by defendant do not support her contention that an attorney cannot maintain an action in equity to enforce his lien. In Goodrich v. McDonald, 112 N. Y. 162, 19 N. E. 649, mainly relied upon in that regard, the court merely passed upon the efficacy of an attorney's common-law lien,—that action depending upon the condition of the law on June 26, 1877; and Earl, J., writing the opinion of the court, said (page 164, 112 N. Y., and page 651, 19 N. E.):

"After a very careful search, we have been unable to find any case where an attorney has been permitted to enforce his lien upon a judgment for his services by an equitable action, or where he has been permitted to follow the proceeds of a judgment after payment of them to his client. His lien is upon the judgment, and the court will enforce that through the control it has of the judgment and its own records, and by means of its own process, which may be employed to enforce the judgment. But after the money recovered has been paid to his client he has no lien upon that, and much less a lien upon property purchased with that money and transferred to another. After such payment, unless he has protected his lien by notice to the judgment debtor, his lien is forever gone, and he must look to his client alone for his compensation."

Since 1879, however (Laws 1879, c. 542, amending Code, § 66), the force of an attorney's lien has been defined by the statute; the amendment declaring that the lien attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof, in whosoever hands found. The McDonald Case therefore cannot be said to control, and there appears to be no valid reason why an attorney should not be allowed to establish his lien upon the proceeds of a judgment by action in the same manner as a mechanic's or other lien is established. Zimmer v. Railroad Co., 32 Misc. Rep.; at page 263, 65 N. Y. Supp. 977.

That the plaintiff's rights could possibly have been successfully asserted on an application to the court, in compliance with the terms of the order allowing the defendant to continue the foreclosure suits, is not deemed of vital consequence; for, under the circumstances, the defendant cannot object because plaintiff did not resort to a summary method to enforce his lien.

The fact that the property bought in by the defendant at the foreclosure sales is held by her, as to legatees, next of kin, and creditors of the deceased, as personalty (Lockman v. Reilly, 95 N. Y. 69), is not material here; for that property is the proceeds of the judgment, and, whether real or personal, the lien attaches thereto.

To defendant's claim that the action cannot be maintained because the estate is solvent and the plaintiff has an adequate remedy at law, it is sufficient to say that the action is to enforce a statutory lien, and the adequacy of a legal remedy is no more a defense herein than it would be in a suit to foreclose a mechanic's lien.

The plaintiff is therefore entitled to judgment for the value of the services actually rendered to defendant's testator, being $200 in each case, which sum, with his disbursements, is a lien on the property in question. Judgment for plaintiff.