(No. 5091. April 2, 1929.)

LUIGI MENDINI and ROSA MENDINI, Husband and Wife, Respondents, v. SALINA S. MILNER et al., Defendants; MARY S. RUTT, Intervenor and Appellant.

[276 Pac. 313.]

Sweeley & Sweeley, for Appellant.

Bissell & Bird, for Respondents.

BAKER, District Judge.—Plaintiffs, who are respondents in this court, commenced this action to quiet their title to a tract of Carey Act land and the appurtenant water right in Twin Falls county. The defendants defaulted. Mary S. Rutt, assignee of water contract dated October 18, 1907, entered into between the construction company and the original purchaser, intervened and sought to foreclose the lien of such contract under which the final instalment of the purchase price became due on October 18, 1917. She alleged that by written agreement dated February 18, 1922, between the owner of the land and her immediate assignor the amount due on the contract was ascertained and agreed upon and the time of payment was extended. Plaintiffs answered the complaint in intervention and alleged that intervenor's cause was barred by the statute of limitations (C. S., secs. 6609 and 6611).

At the trial plaintiffs offered in evidence certified copies of various conveyances by which it appears the legal title to the land became vested in the Idaho Butchering & Packing Company on March 6, 1913. In all of these conveyances it was provided that the grantee assumed payment of the incumbrances of record of which the water contract was one. Plaintiffs then offered a record title initiated by mortgage dated October 1, 1920, executed by A. M. Stangle and wife to Sam Tauber. The mortgage was foreclosed by an assignee and sheriff's deed was ultimately issued to plain-

tiffs' remote grantor. In the foreclosure action the mortgagors, all subsequent claimants and the Idaho Butchering & Packing Company were made parties defendant. The company appeared by its attorney. In that action the court found that the company was a corporation and adjudged that the lien of the mortgage was superior to all claims of the Idaho Butchering & Packing Company. The decree of foreclosure became final without appeal or other attack.

Intervenor proved, among other things, the record of the water contract and the agreement dated February 18, 1922, recorded August 1, 1922, between A. M. Stangle and wife and intervenor's immediate assignor by the terms of which the amount due on the contract was ascertained and time of payment was extended to March 1, 1924. Neither Stangle's mortgagee nor anyone in privity with him was a party to the contract.

Intervenor later presented her unverified motion alleging that the Idaho Butchering & Packing Company was the record owner of the land, that the chain of title stopped when title had become vested in that company, that on December 1, 1917, its charter and right to do business had been declared forfeited by reason of its failure to pay the annual license tax, asked that a trustee be named to represent it, that other persons be made parties to the suit and that a further hearing be had on the issues to be so presented. The motions were granted. The complaint in intervention was not amended so as to present an issue of the forfeiture of the company's charter. There was no proof of forfeiture and no finding on that question.

The trial court concluded that the plaintiffs were the owners of the land and the appurtenant water rights, that the intervenor's cause of action was barred by the statute of limitations and that plaintiffs were entitled to decree quieting their title to the land and the appurtenant water rights against the claims of the defendants. Decree was accordingly entered. Plaintiffs were awarded nothing against the intervenor. As to her claim it was adjudged only that the statute of limitations had barred recovery.

The appellant, intervenor, contends: (1) That the decree of foreclosure was void as against the Idaho Butchering & Packing Company for the reason that its charter had at that time been forfeited; (2) that the provisions of C. S., sec. 3019, exempt water contracts from the operation of the statute of limitations; (3) that the Stangle agreement interrupted the running of the statute and fixed a new date for the accrual of her cause of action; (4) that the defense of the bar of the statute of limitations was available by demurrer and was waived by a failure to so plead it though the statute was relied upon in the answer; and (5) that the decree was erroneous in that plaintiffs' title was quieted against a lien which had not been paid.

It is a sufficient answer to appellant's first contention to say that there was neither allegation, proof nor finding that the charter of the Idaho Butchering & Packing Company had at any time been forfeited. It is not necessary to consider the other arguments advanced by respondent that appellant's position is unsound.

Appellant insists that the provision found in C. S., sec. 3019, that the lien for the purchase price of Carey Act water contract is "to remain in full force and effect until the last deferred payment for the water right is fully paid and satisfied according to the terms of the contract under which said water right was acquired" entirely excepts such contracts from the operation of the statute of limitations and preserves all remedies for their enforcement without regard to lapse of time.

The statute of limitations is general, is to be liberally construed and must be applied in all cases where an exception is not specifically made. (*Vandall v. Teague*, 142 Cal. 471, 76 Pac. 35.) Statutes creating exemptions are to be strictly construed and will not be extended by implication. (*Lawson v. Tripp*, 34 Utah, 28, 95 Pac. 520. See, also, 16 Cal. Jur. 402; 17 R. C. L. 688; 6 Page on Contracts, p. 6017, sec. 3450; *Johnson v. Merritt*, 125 Va. 162, 99 S. E. 785.) We are unable to see in C. S., sec. 3019, a legislative intent to except Carey Act water contracts from the operation of the

general statute of limitations (C. S., sec. 6609) or to perceive any reason for conferring upon such contracts the exemptions claimed. In the unreported case of *Twin Falls Oakley Land & Water Company v. Martens,* Judge Dietrich, then of the United States district court, said of like claim made under the same statute:

"It (C. S., sec. 3019) may and should be read in connection with other provisions, including those prescribing periods of limitation for the bringing of actions. Generally, if not universally, the obligation defined in this section is expressed or implied in respect to any lien. The lien of a mortgage is to continue until the debt secured thereby is paid, but such an understanding does not abrogate the statute of limitations. Statutes of limitation do not affect the right, but only bar the remedy."

On February 18, 1922, when the Stangle agreement was made, the bar of the statute had attached to all remedies for the collection of all instalments except the last. As to the barred instalments, the Stangle agreement did not therefore continue an existing contract but created a new one. (16 Cal. Jur. 595–597; *Sanford v. Bergin,* 156 Cal. 43, 103 Pac. 333.) Before the contract was made the Stangles had executed the mortgage through which plaintiffs claim. They could not, after the bar of the statute had become complete, create a new lien or revive an old one to the prejudice of the holder of the mortgage. (*Dighton v. First Exchange Nat. Bank,* 33 Ida. 273, 192 Pac. 832; 6 Page on Contracts, 6042; *Cook v. Prindle,* 97 Iowa, 464, 59 Am. St. 424, 66 N. W. 781; *Schumacher v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765.)

Stangle was a stranger to the original water contract. There was no obligation on his part to make payment. There was no obligation to be continued or acknowledged by him. The contract of February 18, 1922, did not continue a contract—it created a new one. A debt can be revived or acknowledged only by one liable for its performance. (*Fitzgerald v. Flannagan,* 155 Iowa, 217, 125 N. W. 995, reversed on rehearing on other grounds, 155 Iowa, 217,

Ann. Cas. 1914C, 1104, 135 N. W. 735; *Hellman v. Kiene,* 73 Iowa, 448, 5 Am. St. 693, 35 N. W. 516.) The method of determining whether the agreement was an acknowledgment of and continued the water contract under C. S., sec. 6631, or whether a new obligation was created appears to be to inquire whether in an action to enforce the obligation the new contract or the old one as extended would be pleaded as the foundation of plaintiff's claim. (*President and Board of Trustees of Cal. College v. Stephens,* 11 Cal. App. 523, 105 Pac. 614; *Stanford v. Bergin, supra.*) While the Stangles could, of course, by contract create a lien on their interest in the property they could in no manner adversely affect the priority of the lien of the mortgage through which plaintiffs claim. The mortgage was then of record. The Stangle agreement was not recorded until after foreclosure action was instituted. The mortgage was enforced by an orderly proceeding through which, so far as the record discloses, the interest of all necessary and proper parties was foreclosed. The title acquired through this foreclosure is superior to the lien which the parties to the Stangle contract endeavored to impose.

Intervenor, evidently anticipating a possible defense that her cause was barred by the statute of limitations, alleged in substance that by written agreement entered into between her assignor and the owner of the land, the amount due on the contract was fixed and the time of payment was extended and the rate of interest changed. The plaintiffs did not attack the complaint in intervention by demurrer but promptly pleaded the bar of the statute in their answer. That intervenor's cause was barred by the statute did not appear on the face of her complaint. The defense could not, therefore, be presented by demurrer. It was properly presented by answer. (*Chemung Min. Co. v. Hanley,* 9 Ida. 786, 77 Pac. 226; *Rogers v. Oregon-Washington R. & N. Co.,* 28 Ida. 609, 156 Pac. 98.)

It is undoubtedly true that a court of equity will not quiet title as against an unpaid lien, though its enforcement is barred by the statute of limitations. In such case

the court will require of the plaintiff that he do or offer to do equity by paying or offering to pay the lien. While the decree in this case does not expressly provide that plaintiffs take nothing against the intervenor, a reading of the decree makes it plain that as to her nothing was adjudged except that the statute of limitations had barred recovery by her on the cause of action pleaded in her complaint in intervention. Under the decree plaintiffs and intervenor remain as they were before the suit was instituted save only as to the decree entered on her complaint in intervention that her cause was barred.

The decree is affirmed, with costs.

Budge, C. J., Givens and Wm. E. Lee, JJ., and Adair, D. J., concur.

Petition for rehearing denied.