(No. 5717. June 1, 1931.)

CLARENCE S. MILLER, Executor of the Will of LILLIE B. HESS, Deceased, Appellant, v. FINLEY MONROE, Respondent.

[300 Pac. 362.]

Ira W. Kenward and Lot L. Feltham, for Appellant.

J. P. Reed, for Respondent.

McNAUGHTON, J.—This is an action to quiet title to real property against claims of defendant alleged to be without foundation or right. It is not an action to remove a cloud or for the cancellation of any document of record.

The defendant answered and by cross-complaint set forth a claim of lien for attorney's fees.

The trial court found the defendant had an attorney's lien on account of legal services rendered in the foreclosure of a mortgage which resulted in a sheriff's deed conveying the property to the predecessor of the plaintiff, but found the statute of limitations had run against the lien. The court refused to quiet the title against the lien, but dismissed the cross-complaint as setting forth a cause of action which had outlawed.

Plaintiff appeals. There is no cross-appeal.

We have examined the assignments of error challenging the pleadings and sufficiency of the evidence to sustain the findings of the trial court and find no error in those rulings. There is also a claim that the contract for the services was within the statute of frauds, but that objection cannot be sustained because the alleged lien was

for services rendered and fixed by decree foreclosing the mortgage.

The remaining assignments of error raise four questions which we shall discuss:

1. Does an attorney's lien for fees in procuring a judgment attach to land purchased by the judgment creditor in satisfaction of the judgment?

2. If an attorney's lien attaches to real property so acquired by an administrator of an estate, does it survive the decree of distribution where the administrator is sole legatee?

3. If the lien does so survive but is permitted to outlaw, will a court of equity deny enforcement of the lien and at the same time refuse to quiet title?

4. In an action to quiet title in which an unauthorized record of a notice is disclosed is it error to not remove such cloud?

■ Attorneys have a statutory lien in this state for services performed. C. S., sec. 6576, provides:

"The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment."

It will be noted this statutory lien is much broader than the common-law lien. Under the common law the attorney had a lien for the amount of his services which obtained as a retaining lien on all papers pertaining to the suit while they were in his possession, and also a charging lien on the judgment as against the judgment creditor. Under this lien the authorities, quite uniformly, have held that where the judgment has been satisfied the lien is lost, and this is true even though satisfaction is by sale under execu-

tion and purchase by the judgment creditor. (Jones on Liens, 3d ed., secs. 229, 291; *Goodrich v. McDonald,* 112 N. Y. 157, 19 N. E. 649; *Prichard v. Fulmer,* 22 N. M. 134, 159 Pac. 39, 2 A. L. R. 474.)

It is thought the statutory lien was intended to extend the force and application of lien to follow the "judgment in his client's favor and the proceeds thereof in whosoever hands they may come." Without exception courts have given effect to this provision where the statutory lien obtains, and have held that where the judgment creditor purchased land on execution the lien attached to the land. (*Porter v. Hanson,* 36 Ark. 591; *Wooten v. Denmark,* 85 Ga. 578, 11 S. E. 861; *Loofbourow v. Hicks,* 24 Utah, 49, 66 Pac. 602, 55 L. R. A. 874; *Skinner v. Busse,* 38 Misc. Rep. 265, 77 N. Y. Supp. 560.) The later New York cases are so decided after adoption of the statutory lien like that obtaining in this state.

The lien attached to the land after sale on execution and purchase by the administratrix who was the judgment creditor and sole legatee, because the land became the proceeds of the judgment.

The court found the administration of the estate was closed without payment of this attorney's fee, and we think the evidence sustains this finding, but it is contended the claim was lost for want of presentation and allowance in the administration of the estate. This contention does not hold because the claim arose in the administration of the estate as distinguished from claims against decedent, (C. S., sec. 7584, as amended by chap. 280, Laws of 1929) (Allowance or rejection of claims) and being a lien on real property, pursuant to C. S., sec. 7588, was not lost because of failure to make presentation and allowance.

Where an attorney's lien attaches to real property in this state as proceeds of a judgment procured by the attorney claiming the lien, it remains a lien against such real property until paid, or discharged, or the property passes into the hands of an innocent purchaser without notice, or unless, under chap. 56, Session Laws of 1929, after ten years it might be presumed to be paid.

While it is not necessary and we do not pass upon the effect of the 1929 act, it may be observed as strengthening the view that the general statute of limitations does not presume payment that sec. 2 of chap. 56, Laws of 1929, does provide:

"After ten years have elapsed from the date of the maturity of any mortgage or other lien upon real property, as provided in Section 1 of this Act, the lien thereof shall conclusively be presumed to be satisfied and discharged, and no action, suit or other proceeding shall be maintainable for the foreclosure of such mortgage or other lien."

The four years statute of limitations (C. S., sec. 6610) bars the remedy but does not presume payment. (*Fales v. Weeter Lbr. Co.,* 26 Ida. 367, 143 Pac. 526; *Tracy v. Wheeler,* 15 N. D. 248, 107 N. W. 68, 6 L. R. A., N. S., 516.) Although the statute of limitation in which to begin action has run and an equity court will not enforce the lien (*Mendini v. Milner,* 47 Ida. 439, 276 Pac. 313), nevertheless until payment of the lien debt (*Fales v. Weeter Lbr. Co., supra*), or until the ten years statute (chap. 56, Laws 1929, which might authorize presumption of payment), has run, the court will deny relief against the debt and refuse to quiet title.

In this case the notice which developed at the hearing, if unauthorized, was not mentioned in the complaint and no issue as to its legality was tendered upon which a finding was required. The trial court must find on all issues tendered (*Carson v. Thews,* 2 Ida. 176, 9 Pac. 605; *Koon v. Empey,* 40 Ida. 6, 231 Pac. 1097), but to fail to inject an issue is not error.

We are convinced the lien attached to the real property in question, which was the proceeds of a judgment, in procuring which the fee in question was earned; that there are no intervening innocent purchasers for value, and that while the statute of limitations has run against the enforcement of the lien it has not been discharged and no presumption of payment can arise at least until ten years after the thirty-first day of October, 1922, when the fee as

found by the trial court became due. There is no right in law or equity supporting a demand for its discharge.

Finding no error, the judgment is affirmed. Costs to respondent.

Budge, Givens and Varian, JJ., and Babcock, D. J., concur.

Petition for rehearing denied.