## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47346

| | | |
|---|---|---|
| **BRET W. BENNETT, an individual, and MARY E. BENNETT, an individual,** | ) ) ) | |
| **Plaintiffs-Appellants,** | ) ) | **Boise, June 2020 Term** |
| **v.** | ) ) | **Opinion Filed: August 31, 2020** |
| **BANK OF EASTERN OREGON, a national banking association,** | ) ) | **Melanie Gagnepain, Clerk** |
| **Defendant-Respondent.** | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Susan E. Wiebe, District Judge.

The decision of the district court is <u>reversed</u>, judgment <u>vacated</u> and <u>remanded</u> for further proceedings.

Law Office of D. Blair Clark, PC, Boise, for Appellants. Jeffrey P. Kaufman argued.

Yturri Rose, LLP, Boise, for Respondent. Timothy J. Helfrich argued.

_____

BURDICK, Chief Justice

This appeal addresses whether a debtor can use Idaho's single-action rule as a sanction to quiet title against a deed of trust when the secured creditor has violated the rule by filing an action against the debtor to recover on the debt before seeking satisfaction of the debt by foreclosing on the property serving as security. Bret and Mary Bennett filed an action to quiet title to their residence in Payette, Idaho, against the Bank of Eastern Oregon ("BEO"), seeking to remove a judgment lien and a deed of trust. BEO filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. The district court granted the motion, reasoning that Idaho law did not provide for the Bennetts' sought-after relief. We reverse the district court's decision.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2007, the Bennetts started a motorsports business in Ontario, Oregon, which leased its premises from a different business entity owned by the Bennetts. In 2008, the Bennetts personally guaranteed one or more loans between BEO and these businesses. Among these loans was a $100,000 promissory note ("the Note") that was secured by a deed of trust on the Bennetts' residence situated on the other side of the Snake River in Payette, Idaho ("the Property"). The deed of trust designated 1st American Title Company of Malheur County, Oregon as trustee. The parties signed the deed of trust on April 10, 2008. One day later, on April 11, 2008, BEO recorded the deed of trust in the Payette County Recorder's Office. By its terms, the deed of trust was set to mature on May 5, 2009.

The Bennetts later defaulted on the Note and other obligations to BEO. Rather than seeking to foreclose on the Property for a breach of the Note's terms, BEO successfully pursued a collection action against the Bennetts in Oregon state court to recover on all of the Bennetts' debts, including the Note. On June 15, 2010, BEO domesticated the Oregon state court judgment in Payette County pursuant to Idaho's Enforcement of Foreign Judgments Act. I.C. §§ 10-1301 to -1309. The abstract of judgment filed in Payette County aggregated four separate obligations—including the Note—totaling $283,597.57, pre-judgment interest, and late fees. BEO recorded the abstract of judgment with the Payette County Recorder's Office on June 17, 2010.

Roughly a month later, on July 16, 2010, the Bennetts filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the District of Idaho. During the Bennetts' bankruptcy proceedings, BEO filed a proof of claim for $281,597.57 as an unsecured debt. The bankruptcy estate disbursed $4,658.38 to BEO for its claim and the Bennetts' personal liability for that obligation was extinguished. The bankruptcy estate abandoned the Property pursuant to 11 U.S.C. § 544(c). The Bennetts received their final bankruptcy discharge on April 8, 2011.

Eight years after their bankruptcy discharge, the Bennetts filed a verified complaint to quiet title to the Property against BEO. The Bennetts attached four documents: (1) the deed of trust; (2) the abstract of judgment filed in Payette County; (3) BEO's proof of claim in the Bennetts' bankruptcy; and (4) the bankruptcy trustee's final account and

2

distribution report. The Bennetts alleged that both the deed of trust and its judgment lien were unenforceable, and, thus, the Bennetts were entitled to a judgment removing the encumbrances. Specifically, the Bennetts alleged that BEO took the position that its security interest in the property was "substantially valueless" under Idaho Code section 15-1503(2) by filing its abstract of judgment in Payette County before foreclosing on the property and that BEO had let its judgment lien expire by failing to renew it. The Bennetts also relied on Idaho Code sections 6-411, 6-412, and 6-413 to assert that they were entitled to quiet title against the unenforceable instruments.

On June 4, 2019, BEO moved to dismiss the case under Idaho Rule of Civil Procedure 12(b)(6). BEO argued that the judgment lien expired as a matter of law under Idaho Code section 10-1110 and, thus, no longer encumbered the Property. BEO also argued that the Bennetts could not quiet title against the deed of trust because (1) BEO's Oregon judgment did not qualify as an "action" under Idaho's single-action rule; (2) the Bennetts' bankruptcy discharge did not impact the judgment lien because the bankruptcy estate abandoned the property; and (3) Idaho case law provided that a party may not quiet title against an unenforceable mortgage when the underlying obligation is unsatisfied.

After fielding additional briefing and holding a hearing on the motion to dismiss, the district court granted BEO's motion and entered its findings on the record at a June 19, 2019, hearing. The district court reasoned that the Bennetts could not quiet title against the judgment lien because the lien was invalid as a matter of law as its expiration "operates automatically." The district court then determined that the single-action rule was inapplicable to the proceedings because BEO was not attempting to foreclose on the property. The district court next determined that there was no conflict between Idaho Code sections 6-411 and 6-413 and Idaho case law stating that a debtor must pay the underlying debt, even when collection and enforcement of that debt is barred by the statute of limitations. The district court entered an order granting BEO's motion to dismiss, and entered a judgment dismissing the Bennetts' claims with prejudice. The Bennetts timely appealed.

## II.    ISSUES ON APPEAL

1.  Whether the district court erred in concluding that the Bennetts failed to state a claim for quiet title against BEO.

2.  Whether either party is entitled to attorney's fees on appeal.

3

## III. STANDARD OF REVIEW

Under Idaho Rule of Civil Procedure 12(b)(6), a party may seek to have the court dismiss a complaint for "failure to state a claim upon which relief can be granted." I.R.C.P. 12(b)(6). When a district court grants a 12(b)(6) motion, this Court will review that decision de novo. *Paslay v. A&B Irrigation Dist.*, 162 Idaho 866, 868, 406 P.3d 878, 880 (2017) (citing *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813, 823, 367 P.3d 208, 218 (2016)).

"A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated." *Taylor v. McNichols*, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010) (citing *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002)). "[T]he non-moving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated." *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.'" *Losser v. Bradstreet*, 145 Idaho 670, 673, 183 P.3d 758, 761 (2008) (quoting *Sumpter v. Holland Realty, Inc.*, 140 Idaho 349, 351, 93 P.3d 680, 682 (2004)).

If a 12(b)(6) *movant* presents "matters outside the pleadings" and the trial court does not exclude them, then "the motion must be treated as one for summary judgment under Rule 56." I.R.C.P. 12(d). But where additional documents are incorporated by reference in the complaint, the general rule is that the court may consider those attachments when ruling on a 12(b)(6) motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citing *5B Wright & Miller* § 1357 (3d ed. 2004 and Supp. 2007)); *cf. Taylor*, 149 Idaho at 833, 243 P.3d at 649.

## IV. ANALYSIS

On appeal, the Bennetts argue that the district court erred in granting BEO's motion to dismiss on two primary grounds. First, the Bennetts argue that BEO's violation of Idaho's single-action rule—*i.e.*, that BEO sought to recover from them personally on the

4

Note before seeking satisfaction from the Property—entitles the Bennetts to a court order directing the trustee to reconvey legal title to them. Second, the Bennetts argue that Idaho Code section 6-412 permits them to quiet title against the judgment lien resulting from BEO's domestication of the Oregon judgment because BEO has allowed that lien to expire. For the reasons set forth below, we reverse the decision granting BEO's motion to dismiss, vacate the judgment dismissing the Bennetts' claims, and remand for further proceedings.

## A. The Bennetts have stated a cause of action that could allow them to quiet title against BEO for the deed of trust.

In Idaho, quiet-title actions have long been provided for by statute: "An action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim." I.C. § 6-401; *see Fry v. Summers*, 4 Idaho 424, 425–26, 39 P. 1118, 1118 (1895).

The Bennetts argue that they are entitled to quiet title against the deed of trust on alternate grounds. First, the Bennetts contend that this Court should look to Idaho's single-action rule as codified in Idaho Code section 45-1503(1). Because this rule requires a secured lender to first seek satisfaction of the debt by foreclosing on the property used as collateral, the Bennetts argue that the only way for BEO to have proceeded against them in personam on the Note's debt without violating the rule is if BEO met the prerequisite of showing that its interest in the property was "substantially valueless" as defined by Idaho Code section 45-1503(2). Because meeting this prerequisite would have also required BEO to instruct the trustee to reconvey legal title to the Bennetts under Idaho Code section 45-1503(3), the Bennetts assert that the reconveyance requirement should also be applied as a sanction for failure to abide by the single-action rule. Alternatively, the Bennetts argue that they are entitled to quiet title against an unenforceable deed of trust under Idaho Code sections 6-411 and 6-413. In opposition, BEO argues that this Court's decision in *Trusty v. Ray*, 73 Idaho 232, 249 P.2d 814 (1952), provides that a debtor may not quiet title to a lien created by a mortgage instrument when the debt has not been paid.

For the reasons below, we conclude that the Bennetts have stated a cause of action enabling them to quiet title against BEO for the deed of trust and the matter should be remanded to the district court to conduct additional proceedings, if any are necessary.

5

*1. Idaho Code sections 6-411 and 6-413 have no application to deeds of trust.*

While mortgages and deeds of trusts serve similar functions, the two instruments are not interchangeable. For practical purposes, "a deed of trust is effectively a mortgage with a power of sale[.]" *ParkWest Homes, LLC v. Barnson*, 154 Idaho 678, 684, 302 P.3d 18, 24 (2013). However, when a deed of trust is used as security for a loan, legal title passes to the trustee (along with the power of sale). *Id.*; *see also Long v. Williams*, 105 Idaho 585, 587, 671 P.2d 1048, 1050 (1983) ("[W]ith the adoption of the Trust Deeds Act in 1957 . . . Idaho transitioned from a 'lien theory' state to a 'title passes' state where a deed of trust is employed as a security device."). As such, a deed of trust does not create a lien because a lien is a charge upon property that *transfers no title*. *Compare* I.C. § 45-101 (defining lien as "a charge imposed in some mode *other than by a transfer in trust* upon specific property by which it is made security for the performance of an act.") (emphasis added), *with* I.C. § 45-109 ("Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, *transfers no title* to the property subject to the lien.") (emphasis added).

So while the recordation of a mortgage creates a lien on property, the recordation of a deed of trust does not. What it does do, however, is secure the beneficiary's priority and serves as notice that legal title to the property has passed to a trustee. *Compare* I.C. § 45-108 ("A lien may be created by contract, to take immediate effect, as security for the performance of obligations not then in existence . . . ."), *with* I.C. § 45-1513 ("A deed of trust or transfer of any interest in real property in trust to secure the performance of any obligation *shall be a conveyance of real property*.") (emphasis added). This is what the Idaho Trust Deeds Act refers to when it speaks of "the priority of the lien of the trust deed," despite its confusing use of "lien" language. I.C. § 45-1503(3).

We mention this substantive distinction between the two instruments to highlight the interpretive distinction in this Court's jurisprudence. After the Idaho Legislature passed the Idaho Trust Deeds Act in 1957, this Court was asked to determine whether the functional similarities between mortgages and deeds of trust were such that the terms should be treated as interchangeable within Idaho's statutory schemes. That is, whether the laws that had long applied to mortgages should also be applied to deeds of trust. Ultimately, this Court held in *Frazier v. Neilsen & Co.*, 115 Idaho 739, 741, 769 P.2d 1111, 1113 (1989), that the terms were not interchangeable, reasoning that because the

6

Legislature enacted separate schemes for each instrument, the canons of statutory interpretation required this Court to read each term narrowly.[1]

But *Frazier* is important not only because it demonstrates that this Court treats the terms "mortgages" and "deeds of trust" distinctly, which is dispositive of the Bennetts' reliance on Idaho Code section 6-411 and 6-412, but the *Frazier* decision also served as the impetus for the Legislature's enactment of Idaho Code section 45-1503(1)'s single-action rule.

The central issue in *Frazier* was whether Idaho's single-action rule codified in Idaho Code section 6-101[2] (which spoke only of "mortgages") also applied to deeds of trust. The statute had long been interpreted to require secured creditors to first sue to foreclose on the property serving as security before filing an action to recover on the underlying debt, unless the security was substantially valueless.[3] *See Birkeland v. Clearwater Concentrating Co.*, 64 Idaho 122, 131, 127 P.2d 1047, 1050 (1942) (commenting on how Idaho Code section 6-101 "prohibits the prosecution of any action for the recovery of a *debt that is secured by mortgage* in any other manner or form than by foreclosure action . . . .") (citations omitted).

The long-cited purpose of the single-action rule is to protect a debtor's credit from double impairment. *See Jeppesen v. Rexburg State Bank*, 57 Idaho 94, 99, 62 P.2d 1369, 1371 (1936) (explaining that Idaho Code section 6-101's precursor "was intended not to allow the creditor to hold an [e]ncumbrance on his debtor's property, and at the same time proceed against him for a personal judgment, either with or without attachment, for to allow the creditor to do so might, in any case, result in impairing the debtor's credit in at least double the amount of his debt[.]"); *Frazier*, 115 Idaho at 740, 769 P.2d at 1112; *Elliott v. Darwin Neibaur Farms*, 138 Idaho 774, 781, 69 P.3d 1035, 1042 (2003); *see also Fed. Land Bank of Spokane v. Parsons*, 118 Idaho 324, 327, 796 P.2d 533, 536 (Ct. App. 1990)

---

[1] This was not the trend among other jurisdictions, and the *Frazier* Court acknowledged that other jurisdictions had held that their laws applying to "mortgages" should be read to have equal application to deeds of trust. *See, e.g.*, *Utah Mortg. & Loan Co. v. Black*, 618 P.2d 43 (Utah 1980); *McMillan v. United Mortg. Co.*, 412 P.2d 604 (Nev. 1966); *Bank of It. Nat'l Tr. & Sav. Ass'n v. Bentley*, 20 P.2d 940 (Cal. 1933).

[2] The relevant provision of that statute provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter." I.C. § 6-101.

[3] In this manner, Idaho's single-action rule could also be characterized as a "security-first rule."

("Idaho law protects property not subject to the mortgage unless the value of the mortgaged property is exhausted."). In other words, a creditor may only impair the debtor's assets which were not pledged as collateral if there is a deficiency after foreclosing on the pledged property.

However, despite this established precedent applicable to mortgages, the *Frazier* Court noted that the Legislature, by enacting the Idaho Trust Deeds Act, created a "separate scheme" which indicated its intent that mortgages and deeds of trust receive disparate treatment under the law. *Frazier*, 115 Idaho at 741, 769 P.2d at 1113. This Court has since adhered to that approach. *See Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 159 Idaho 679, 690 n.3, 365 P.3d 1033, 1044 n.3 (2016).

For that reason, we find the parties' reliance on Idaho Code section 6-412 (a mortgage statute cited by the Bennetts to support their position) and *Trusty* (a mortgage case cited by BEO to support its position) is misplaced. *Trusty* stands for the proposition that a party may not quiet title to property against a mortgage-holder where the mortgage instrument has been rendered unenforceable by the passage of the statute of limitations. 73 Idaho at 236, 249 P.2d at 817. Even if the Legislature intended to legislatively overrule the law as stated in *Trusty* with Idaho Code section 6-412, that statute would nevertheless have no impact on the deed of trust at issue in this case because it, and its companion statutes, speak only of mortgages, not deeds of trust:

> An action may be maintained to quiet title to lands against any **mortgage**, the enforcement and collection of which is barred by the Statute of Limitations of the State of Idaho, and which, except for the fact that its collection and enforcement is so barred, would constitute a lien upon such lands.

I.C. § 6-411 (emphasis added).

> The party seeking to maintain such action shall be entitled to a decree quieting title to his lands against the lien of any such judgment or **mortgage** upon proof that the collection and enforcement of such judgment or **mortgage** is barred by the Statute of Limitations and without the necessity of proving that any such judgment or the indebtedness secured by any such mortgage has been paid.

I.C. § 6-413 (emphasis added).

> ### 2. *Construing the pleadings in favor of the Bennetts, BEO violated the single-action rule codified in Idaho Code section 45-1503(1) by seeking to recover*

8

*from the Bennetts on the Note personally before seeking to foreclose on the Property.*

After *Frazier* was decided, the Idaho Legislature amended the Idaho Trust Deeds Act to legislatively enact the single-action rule so that it would apply to deeds of trust as it applied to mortgages. 1989 Idaho Sess. Laws 861; *see also* Statement of Purpose, RS 22774C1, H.B. 274 (1989) ("The purpose of this legislation is to better define the current law so that lending agencies, whether using mortgages or deeds of trust, be first required to liquidate the secured property before proceeding to attach or liquidate any other assets a borrower might have.").

With that amendment, the beneficiary of a deed of trust securing an obligation may not institute judicial action against the grantor to personally recover on the obligation unless the beneficiary meets one of four conditions:

(a) The trust deed has been foreclosed;

(b) The action is one for foreclosure of mortgages on real property;

(c) The beneficiary's interest in the property secured by the deed of trust is "substantially valueless"; or

(d) The action is excluded from the meaning of "action" under Idaho Code section 6-101(3).

I.C. § 45-1503(1).

The Bennetts argue that BEO's domestication of the Oregon judgment qualified as an "action" because domestication of a foreign judgment is not listed as an excluded action under Idaho Code section 6-101(3). In response, BEO argues that domestication of a foreign judgment falls under a few of the referenced exclusions. Alternatively, BEO argues that this Court should look to that section's purpose statement to determine that the domestication filing in Idaho does not qualify as an "action."

As referenced in section 45-1503(1)(d), Idaho Code section 6-101(3) enumerates certain proceedings or acts that a secured creditor can file against the debtor before foreclosing on the property without running afoul of the single-action rule. The following excluded proceedings are at issue here:

(c) To enforce a mortgage or other lien upon any real or personal property collateral located outside of the state which is security for the same debt or other obligation;

9

(d) To secure a judgment outside of this state on a debt or other obligation secured by real property in this state and by real or personal property collateral located outside this state;

. . . .

(m) [A proceeding w]hich does not include the collection of the debt or enforcement of the obligation or realization of the collateral securing the debt or other obligation;

I.C. § 6-101(3).

The proper focal point for determining whether BEO violated the single-action rule is the nature of the collection proceeding filed in Oregon state court—not the subsequent domestication of that action's eventual judgment. While the Bennetts advance the domestication of the Oregon state court judgment as the focus of our inquiry, that view misses the mark. As we have stated on previous occasions, domesticating a judgment is not an action distinct from the action underlying the foreign judgment. *Grazer v. Jones*, 154 Idaho 58, 67, 294 P.3d 184, 193 (2013) ("An EFJA [Equal Force of Judgment Act[4]] filing does not involve initiating a new case."). As such, we decline to view it as a new action for purposes of the single-action rule.

With the proper focal point on the Oregon state court collection action, we are satisfied that none of the referenced exclusions apply. Subsection 6-101(3)(c) does not apply because the Oregon collection action involved collateral (the Property) located in Idaho, not "outside of the state." Subsection 6-101(3)(d) does not apply because, while the Oregon collection action was an action "[t]o secure a judgment outside [of Idaho]," there is no suggestion in the pleadings that it was an action to recover debt secured by the Property *and* collateral located *outside* of Idaho. While BEO's action to collect on the Bennetts' debts other than the Note may have included other debts which were separately secured by property located in another state, the deed of trust on the Property was the sole security on the Note. As such, the debt at issue (the Note) was not secured by "real property in this state and by real or personal property collateral located outside this state." I.C. § 6-101(3)(d). Lastly, subsection 6-101(3)(m) does not apply because the Oregon collection action was an action in furtherance of collecting or enforcing the underlying obligation on

---

[4] I.C. §§ 10-1301 to -1309.

the Note. Accordingly, based on the facts as recited in the pleadings, BEO has instituted an action directly against the Bennetts before seeking to recover on the security.

### 3. *A debtor may use the single-action rule as a sanction in a quiet title action against a creditor who has violated the rule.*

Alternatively, BEO argues that, even if this Court determines that it violated the single-action rule, the appropriate sanction is only to bar the foreclosure of the trust deed, not invalidate the lien of the trust deed or require reconveyance. This, BEO claims, is in line with Idaho Code section 6-101(2)'s requirement that "[t]he provisions of this section must be construed in order to permit a secured creditor to realize upon collateral for a debt or other obligation agreed upon by the debtor and creditor."[5] In effect, the parties appear to agree that the single-action rule could be used as a shield if BEO were to attempt to foreclose on the Property, but the Bennetts argue that it can also be used as a sword in a quiet title action.

We conclude, based on the facts recited in the pleadings, that BEO's violation of the single-action rule renders its security interest in the property unenforceable, and the matter should be remanded to the district court to conduct further proceedings if necessary. As explained above, the Idaho Legislature modified the Idaho Trust Deeds Act to include the single-action rule embodied in Idaho Code section 45-1503(1). *See* 1989 Idaho Sess. Laws 340, § 1. "When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment." *Lincoln Cty. v. Fid. & Deposit Co. of Md.*, 102 Idaho 489, 491, 632 P.2d 678, 680 (1981) (citing *Wellard v. Marcum*, 82 Idaho 232, 351 P.2d 482 (1960)). Under the 1989 amendment, the only method by which a secured creditor is permitted to initiate judicial action against the debtor to recover on a debt secured by property in Idaho is spelled out in Idaho Code section 45-1503. Section 45-1503(1) provides that if the beneficiary chooses to pursue the debtor in lieu of foreclosure, the court must determine that the security interest is "substantially valueless," and, if it does, the beneficiary must enter a written request to the trustee to reconvey whatever interest was held in trust back to the debtor. I.C. § 45-

---

[5] This argument is unavailing because Idaho Code section 45-1503(1)(d) only incorporates Idaho Code section 6-101(3) by reference, not section 6-101(2). Accordingly, section 6-101(2) has no bearing on how this Court construes section 45-1503(1).

1503(3). Because the Legislature determined that the creditor could only seek to recover from the debtor directly in the event that the security interest was determined to be "substantially valueless" and then reconveyed back to the debtor, it stands to reason that when a creditor skips this step, courts may presume that the step should have been complied with. *See* I.C. § 45-1503(1) (applying to deeds of trust); I.C. § 6-101 (applying to mortgages); *see also Gebrueder Heidemann, K.G. v. A.M.R. Corp.*, 107 Idaho 275, 282, 688 P.2d 1180, 1187 (1984) (stating that plaintiffs are required to satisfy a secured debt primarily by foreclosure of the mortgage unless the mortgage is defective or has become valueless) (citing *Edminster v. Van Eaton*, 57 Idaho 115, 63 P.2d 154 (1936)).

Though BEO asserts that the sanction should be loss of the right to foreclose, it fails to explain what legal interest the trustee would hold without that power of sale. A deed of trust passes legal title, but that legal title only carries the power of sale. So once that power of sale is terminated, the legal interest the trustee has in the property is effectively eliminated. Thus, whether viewed as a loss of the power of sale or BEO stating that its interest in the property is substantially valueless, the consequence is that BEO's security interest in the property is unenforceable and the district court may quiet title in favor of the Bennetts.

We are not persuaded by BEO's arguments that the "equitable principles" that carried the day in *Trusty*—that is, a party who has not paid their debt may not quiet title against a creditor who has let their power to foreclose lapse under the statute of limitations—have any bearing on this outcome. *Trusty* rested on the age-old maxim that "[h]e who seeks equity must do equity." *Gerken v. Davidson Grocery Co.*, 50 Idaho 315, 317, 296 P. 192, 193 (1931). In other words, a party cannot affirmatively seek to quiet title (an equitable remedy) when they have not satisfied their equitable duty to pay their debt. As such, this Court explained that a sort of stalemate arises in this context. On the one hand, a court of equity will not enforce a lien because the statute of limitations has run. *Miller v. Monroe*, 50 Idaho 726, 731–32, 300 P. 362, 364 (1931) (citing *Mendini v. Milner*, 47 Idaho, 439, 276 P. 313 (1929)). On the other hand, until the payment of the underlying debt, or until

12

a presumption of payment arises, a court will deny relief against the debt and refuse to quiet title. *Id.*

This case presents no such stalemate, and debtors do not stand to reap a windfall as BEO suggests. The creditor simply makes an election of remedies and waives its security if it first sues on the debt without foreclosing its interest in the property. *See Sec. Pac. Nat'l Bank v. Wozab*, 51 Cal.3d 991, 1004, 800 P.2d 557, 565 (1990) ("When a secured creditor sues only on the underlying debt without seeking to foreclose the security, he is precluded by section 726(a) from proceeding against the security in a subsequent action. . . . The creditor is deemed to have waived his security . . . The judgment on the debt, however, is unaffected by the creditor's failure to comply with the chronology required . . . ."). This case does not present a circumstance where the lending party indulged a breach in the promissory note and let the clock run out on its foreclosure remedy. Rather, BEO actively sought to recover on its debt by filing suit and obtaining a judgment in Oregon state court. As such, we see no reason why equity should deny the Bennetts the ability to quiet title against the deed of trust when the debt was secured by a judgment against them through BEO's deliberate efforts. That BEO eventually let that judgment lien expire plays no role in determining whether the Bennetts should be able to quiet title against the deed of trust for BEO's failure to abide by the single-action rule.

## B. The Bennetts have stated a claim that would entitle them to quiet title against the judgment lien.

The Bennetts also sought to quiet title to the judgment lien created by BEO's domestication of its judgment pursuant to Idaho's Enforcement of Foreign Judgment Act.[6] The district court dismissed this claim, reasoning that the lien did not cloud the property's title because it expired automatically as a matter of law. On appeal, the Bennetts argue that Idaho Code section 6-412 entitles them to quiet title to the expired lien, which, they claim, persisted in clouding their title even though it had expired and become unenforceable. In response, BEO argues that the Bennetts failed to preserve this issue below. BEO next argues that the district court correctly

---

[6] I.C. §§ 10-1301 to -1309.

13

ruled that the lien expired as a matter of law and, thus, there was nothing to quiet title against.

Idaho's quiet-title statute permits "any person" to file suit against anyone who claims an adverse "estate or interest." I.C. § 6-401. The plaintiff must rely on the strength of his title or interest—not any weaknesses or imperfections in his adversary's. *See Rexburg Lumber Co. v. Purrington*, 62 Idaho 461, 465, 113 P.2d 511, 513 (1941). Here, the Bennetts rely on Idaho Code section 6-412, which provides:

> An action may be maintained to quiet title to lands against any judgment, the enforcement and collection of which is barred by the Statute of Limitations of the State of Idaho and which, except for the fact that its collection and enforcement is so barred by the Statute of Limitations, would constitute a lien upon said lands.

I.C. § 6-412. Section 6-412's companion statute, Idaho Code section 6-413[7] provides not only that the plaintiff may bring suit under such circumstances, but that the plaintiff is *entitled* to a decree quieting title when collection and enforcement of the judgment is barred by the statute of limitations. I.C. § 6-413. It specifies that the plaintiff need not prove that the underlying judgment debt has been paid. *Id.*

As a preliminary matter, we determine that the Bennetts did not waive this issue below. While the Bennetts' counsel admitted that "the title company may have taken [the judgment lien] off [the title report] based upon some argument," the argument below was the same as it is on appeal—the Idaho Code provides them with a right to quiet title against an expired judgment lien, even if it had been removed from the title report.

Addressing the merits of the Bennetts' argument, we determine that a property owner may quiet title to an expired judgment lien. The plain language of

---

[7] That statute provides:

> The party seeking to maintain such action shall be entitled to a decree quieting title to his lands against the lien of any such judgment or mortgage upon proof that the collection and enforcement of such judgment or mortgage is barred by the Statute of Limitations and without the necessity of proving that any such judgment or the indebtedness secured by any such mortgage has been paid.

I.C. § 6-413.

Idaho Code sections 6-412 and 6-413 provide that a party may quiet title against a judgment if that party can show that an action on an underlying judgment is barred by the statute of limitations. To be clear, these statutes provide a remedy when *the judgment* is barred by the statute of limitations, not when the *judgment lien* has expired by operation of law. *See Grazer v. Jones*, 154 Idaho 58, 65, 294 P.3d 184, 191 (2013) ("A judgment lien is distinct from the underlying judgment, and therefore the judgment does not expire merely because the lien has expired."); *Platts v. Pac. First Fed. Sav. & Loan Ass'n of Tacoma*, 62 Idaho 340, 348–49, 111 P.2d 1093, 1096 (1941) ("Expiration of the lien of a judgment does not extinguish the judgment. It simply terminates the statutory security."). As stated above, under Idaho's Enforcement of Foreign Judgment Act ("EFJA"), domesticating a foreign judgment in Idaho does not create a new judgment. *See Grazer*, 154 Idaho at 67, 294 P.3d at 193 ("No new Idaho judgment is created by an EFJA filing."). Rather, domesticating a foreign judgment allows the out-of-state judgment to acquire a judgment lien in the same manner, and subject to the same renewal and expiration provisions, as a properly recorded Idaho judgment. *See* I.C. § 10-1302; *see also* I.C. §§ 10-1110, -1111.

As such, for the district court to determine whether the underlying judgment (here, the Oregon state court judgment) is "barred by the statute of limitations," it must assess the two methods by which a judgment creditor may "collect or enforce" on a foreign judgment in Idaho: (1) an "action on a judgment"; and (2) a filing pursuant to the EFJA. *Grazer*, 154 Idaho at 64, 294 P.3d at 190.

An "action on a judgment" is a "common-law cause of action based on the debt represented by a judgment." *Id.* (citations omitted). Under Idaho Code section 5-215, as it existed at the time the Oregon judgment was entered, an action on judgment filed in Idaho was required to be brought within 6 years. I.C. § 5-215.[8] The abstract of judgment indicates that the Oregon judgment was entered on May 3, 2010. Construing the pleadings in the Bennetts' favor, BEO never brought an action on a judgment in Idaho before May 3, 2016. Thus, under this method of collection,

---

[8] Idaho Code section 5-215 was amended in 2015 to increase the statute of limitations to 11 years. 2015 Idaho Sess. Laws 278.

15

the Bennetts are correct that an action to collect on the judgment is barred by the statute of limitations.

As for the second method—an EFJA filing—the facts as stated in the complaint demonstrate that BEO allowed its Oregon judgment to become unenforceable. BEO domesticated the Oregon state court judgment and recorded a certified abstract of judgment on June 17, 2010. By recording the abstract of judgment pursuant to EFJA specification, BEO acquired a judgment lien against the property under Idaho Code section 10-1110 (2011) that would expire on May 3, 2015. Because BEO never moved the Payette County district court to renew the judgment lien under Idaho Code section 10-1111, the lien expired on May 3, 2015. I.C. § 10-1111(1) (2011)[9]; *see also* I.C. § 10-1110; *Grazer*, 154 Idaho at 66, 294 P.3d at 192 (clarifying that the correct date to measure a judgment lien's life under the EFJA is from the foreign jurisdiction's entry of the judgment, not the date it was recorded in Idaho). In addition, the Bennetts' personal liability on the judgment was discharged in bankruptcy on April 8, 2011. The Oregon state court judgment expired on May 5, 2020, while this appeal was pending. *See* Or. Rev. Stat. § 18.194(2). As such, BEO cannot "collect or enforce" the Oregon state court judgment for purposes of Idaho Code section 6-412.

Even though judgment liens expire automatically if not renewed under the EFJA, an expired judgment lien nevertheless constitutes a cloud on title redressible by the quiet-title action.[10] Broadly speaking, a cloud on title "is an outstanding instrument, record, claim, or encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to property." *Beal v. Mars Larsen Ranch*

---

[9] Idaho Code section 10-1111(1) has since been amended to provide that the lien will not expire for 10 years, rather than 5 years.

[10] We acknowledge that some authority states that "no cloud is created by the fact that the determination of the validity or invalidity of the pretended title or lien involves a question of law, whether it be simple or difficult." 78 A.L.R. 24 (Originally published in 1932). On the other hand, that same authority provides that "[l]iens which were acquired by virtue of judgments or levies of execution, and which have become barred by limitations or by delay in enforcing them, and sales based on such liens, have been set aside as clouds." 78 A.L.R. 24 (Originally published in 1932). Idaho Code section 6-401 speaks to the latter statement of law. *See* I.C. § 6-401; *cf. Pugh v. Heating & Plumbing Fin. Corp.*, 161 P.2d 714, 722 (N.M. 1945) (construing a similar statute as evidencing a legislative intent "that a lien has been extinguished or is unenforceable because of the lapse of time, [and] does not preclude a court of equity from taking jurisdiction and quieting title against it.").

*Corp.*, 99 Idaho 662, 667, 586 P.2d 1378, 1383 (1978) (quoting 65 Am. Jur. 2d *Quieting Title* § 9). "A court of equity will not in general allow an otherwise clear title to be clouded by a claim unenforceable at law or in equity." *Id.* While BEO argues that the broad scope of Idaho's quiet title statute should be narrowly construed as it is in derogation of the common law, the opposite is true. It is a remedial statute supplementing, more than replacing, common-law and equity-based jurisprudence; hence, it should be broadly construed.[11]

The judgment lien obtained from the recording of the abstract of judgment has expired, and the underlying judgment has also expired. As such, the lien is "an encumbrance which is actually invalid or inoperative," but "nevertheless impair[s] the title to the property." *Beal*, 99 Idaho at 667, 586 P.2d at 1383; *cf. Maxwell v. Twin Falls Canal Co.*, 49 Idaho 806, 814, 292 P. 232, 235 (1930) ("An instrument that does not actually cast a cloud on the title may be exceedingly vexatious and injurious, though it actually throws only a suspicion."). Accordingly, the Bennetts stated a claim upon which relief could be granted and the district court erred in granting BEO's motion to dismiss on this count.

## C. BEO is not entitled to attorney's fees on appeal under Idaho Code section 12-121.

BEO argues that attorney's fees are appropriate under Idaho Code section 12-121 because this Court has found appeals to be frivolous where previous case law definitively contradicts the claimant's position. BEO argues that the Bennetts' suit is in direct violation of *Trusty*. BEO also cites to *Cameron v. Neal*, 130 Idaho 898, 902, 950 P.2d 1237, 1241

---

[11] *See* 65 Am. Jur. 2d *Quieting Title* § 7 ("Statutes enlarging traditional quiet title actions are intended to afford an easy, fast, and efficient way to quiet title to real estate and to make title to land clear and indisputable, so that it may enter the channels of commerce and trade without the handicap of suspicion. Because such statutes are remedial, they should be liberally construed and held to embrace any case coming fairly within their scopes."); *id.* § 8 ("In some jurisdictions, statutory remedies for the removal of clouds on title are not exclusive and do not preclude a resort to equity for relief or preclude any other remedy or form of action provided by law for quieting title. Such statutes supplement, rather than supplant, the traditional procedure, and long-standing common law predating the quiet title statute provides an independent equitable basis for quieting title."); *cf. Anderson v. Whipple*, 71 Idaho 112, 121, 227 P.2d 351, 356 (1951), *overruled on other grounds* by *David Steed & Assocs., Inc. v. Young*, 115 Idaho 247, 766 P.2d 717 (1988) ("Originally equity's jurisdiction to quiet title was strictly limited, but was greatly extended by statute in most of the states when the 'reformed' or code procedure was adopted. Some, however, still limit the action to cases where the plaintiff is in possession. But others, including Idaho, extend the jurisdiction to all suits involving conflicting claims to an estate or interest in real property whether the plaintiff be in or out of possession.").

(1997), where this Court held that a district court did not err in awarding attorney's fees at the trial level when the plaintiff's position was in direct opposition to binding case law.

Inasmuch as we have not only determined that *Trusty* is inapplicable to the cause of action before us, but also that the Bennetts have succeeded on appeal, BEO is not entitled to attorney's fees under Idaho Code section 12-121.

## V.    CONCLUSION

For the above reasons, we reverse the district court's decision granting BEO's motion to dismiss, vacate the judgment of dismissal, and remand for further proceedings. We award costs on appeal to the Bennetts as the prevailing party. I.A.R. 40(a).

Justices BRODY, BEVAN, STEGNER, and MOELLER **CONCUR.**